**The STATE of Ohio, Appellee,**

v.

**RUEGSEGGER, Appellant.**

[Cite as *State v. Ruegsegger* (1989), 64 Ohio App.3d 626.]

Court of Appeals of Ohio,
Tuscarawas County.

No. 89AP030025.

Decided Sept. 28, 1989.

James Range, Prosecuting Attorney, for appellee.
John M. Gartrell, Assistant County Public Defender, for appellant.

---

MILLIGAN, Judge.

On defendant's no contest plea, the New Philadelphia Municipal Court found defendant guilty of driving while intoxicated. R.C. 4511.19(A)(3). Defendant assigns as error:

"The trial court erred in ruling that as a matter of law, a jury shall be instructed to disregard any evidence of alcohol consumption between the time of an alleged driving offense and the administration of a BAC verifier test."

On January 17, 1988, between 12:05 and 12:15 a.m., a State Highway Patrol dispatcher on her way home observed defendant's vehicle and another chasing each other on County Road 69. Defendant's vehicle drove into a ditch. At 12:25 a.m., the dispatcher reported the accident. At 12:38 a.m., the investigating officer en route to the accident saw defendant's vehicle pass him by. The trooper stopped the vehicle and questioned defendant, as well as the other three passengers in the car. (Defendant was not driving the vehicle when stopped.) Defendant told the trooper that he was driving the car earlier when it had a "blowout" and went into the ditch. Defendant was subsequently arrested for driving under the influence of alcohol and given a breathalyzer test. He tested .131.

At pretrial, the state dismissed the R.C. 4511.19(A)(1) violation with prejudice leaving only the R.C. 4511.19(A)(3) charge. At the jury trial, during defendant's cross-examination of the arresting officer, the trial court made a sua sponte order in limine prohibiting defendant from presenting any evidence that defendant drank alcohol after the accident. The court stated:

"I don't want this jury to get the impression that Mr. Ruegsegger may have had a lesser concentration of alcohol in his breath when driving then he did when tested because the instructions that, if the test is taken within two hours of driving, if the test is reliable, if they find it was at least ten hundredths of a

gram, then that is determinative of the amount in the breath at the time of driving * * *.

"If a person is going to try and sabotage a test by drinking alcohol after driving, that's why this (A)(3) charge is established. That's not gonna be allowed. You're screwing yourself if you drink. You may not ever be under the influence of alcohol or above the prohibited level at the time of driving. If you consume it afterwards and you test above within two hours, you've caused that to test yourself by your (inaudible)."

Defense counsel ceased questioning after entry of the above order *in limine* and the state rested its case. Defense counsel proffered for the record the testimony of defendant, and one of his passenger's Matt Foust. The proffer:

"MR. GARTRELL: Okay, I will. Well, the first witness would have been a Matt Foust. Matt was in the car at the time of the blowout out on County Road 69. Matt would have testified that the boys pushed the car—pushed the car out of the ditch and then drove it, just a number of feet to a—like a well road, a road back into an oil well where they changed the tire and they were there about a half an hour by the time they got it out and they did it after dark. Then Matt, in fact, Matt Foust, jacked up the car, that each would've— He would have testified that he changed the tire while the son of the man who owned the car, a Greg Jarvis, who was also present, while this Jarvis boy held a—a cigarette lighter. That was the only light. That's why it took a certain amount of time. That during that time there was beer in the car, that they didn't want to be driving around with beer in the car after this accident, obviously, and Bill Ruegsegger took that period of time to, you know, open and consume up to two or three Little Kings is what they were drinking.

"THE COURT: Little Kings Cream Ale, I believe, isn't it?

" * * *

"MR. GARTRELL: * * * And Bill Ruegsegger would have testified to essentially the very same things.

"THE COURT: Mr. Ruegsegger would have taken the stand and essentially corroborated Mr. Foust's testimony about the consumption of alcohol after the traffic crash?

"MR. GARTRELL: Right. And it would have been fairly consistent with the statement they gave or he gave, that is, Bill Ruegsegger gave, to the Trooper when he was stopped. He said he drank, I believe it was five or six beers and obviously my—the inference I would have wanted the jury to gather was that about half of that was consumed after this blowout—

"THE COURT: Right.

"MR. GARTRELL: —and the car hit the ditch."

Defendant then changed his plea to no contest. The court found him guilty and imposed sentence.

Appellant claims that the court's *in limine* order was error as a matter of law which unfairly prejudiced his defense.

Crim.R. 12(H) provides:

"The plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence."

■ An *in limine* order is generally not a pretrial motion preserved under Crim.R. 12(H) because it is not "[a] defense, objection, or request which is capable of determination without the trial of the general issue." Crim.R. 12(B). Accordingly, a no contest plea waives asserted error to a ruling *in limine. State v. Lykins* (Jan. 17, 1989), Ross App. No. 1459, unreported, 1989 WL 4260; *State v. Espinosa* (July 19, 1983), Stark App. No. CA–6134, unreported, 1983 WL 6547; and *State v. Steiner* (July 19, 1983), Stark App. No. CA–6145, unreported, 1983 WL 7393.

■ In the case *sub judice,* there was a misunderstanding in the trial court. Defendant's plea was negotiated upon the assumption that defendant could have this issue determined upon appeal.

"THE COURT: All right. Okay. Now let me ask you defense, do you want this case to go to the jury?

"MR. GARTRELL [defense counsel]: I don't. If-if-if we have the same rights for appeal then I would—

"THE COURT: Oh, certainly. By changing your plea to no contest if Mr. Ruegsegger chooses to do that, and to have this jury discharged and to have a finding made without the jury deliberating and returning a verdict, you preserve everything you have in this record, yeah. That's very clear * * *."

"Now you may say, wait a minute, my whole argument is that I would have perhaps been below .10 and you have not waived that argument. However, you are allowing me to find you guilty, me, the Judge, without this jury * * *."

Here, to find that defendant waived his assigned error by virtue of his no contest plea would result in manifest injustice to this defendant denying him due process of law. Compare *State v. Hall* (1989), 57 Ohio App.3d 144, 567 N.E.2d 305; *Columbus v. Quinn* (Dec. 17, 1987), Franklin App. No. 86AP–1079, unreported, 1987 WL 28458; *Columbus v. Sullivan* (1982), 4 Ohio App.3d 7, 4 OBR 27, 446 N.E.2d 485; *State v. Watson* (Aug. 27, 1981),

Franklin App. No. 80AP–880, unreported, 1981 WL 3435 (review granted where the plea bargain and trial court's decision to accept the no contest plea were premised on the erroneous conclusion that defendant's no contest plea preserved the alleged error).

In the face of no objection by the state at trial or on appeal, we do not find defendant waived his assignment of error by his no contest plea. The issue is preserved and ripe for review. The trial court had the opportunity to consider the evidence on this issue in a context which provided a determination of admissibility.

Two elements must be proved for the state to prevail:

(a) operation of a vehicle within the state; and

(b) at the time of the alleged offense, that the alleged offender possessed the prohibited alcohol concentration level. *State v. Ulrich* (1984), 17 Ohio App.3d 182, 17 OBR 372, 478 N.E.2d 812.

Defendant concedes that he was the driver during the accident; that the breathalyzer test was given within two hours and standard guidelines; and that the .131 result is accurate. The result is evidence of defendant's concentration of alcohol at the time of the offense. *Ulrich, supra.*

"[T]he gravamen of the offense (R.C. 4511.19[A][3]) is the operation of a vehicle within the state *after ingestion* of a sufficient amount of alcohol to produce an intoxilyzer test result which evidences an alcohol concentration level proscribed by statute within two hours of the time that the alleged offense occurred." (Emphasis added). *Ulrich, supra,* at 190, 17 OBR at 380, 478 N.E.2d at 821.

The trial court's finding that "if the test is taken within two hours of driving" and the test is reliable "then that is determinative" is erroneous. The test must be given within two hours of an "offense." Driving is not an offense. Driving with a prohibited concentration of alcohol is an offense. However, defendant denies that element of the crime. He claims he did not possess a prohibited alcohol concentration level *at the time of the alleged offense* and should have been allowed to present evidence of his innocence. Defendant's proffered testimony does not attack the legal sufficiency of the breath alcohol test result as in *State v. Yoder* (May 13, 1989), Tuscarawas App. No. 88AP100077, unreported, 1989 WL 63302. It goes to the weight of the evidence. As such, the evidence should have been allowed to be resolved by the jury. Compare *Commonwealth v. Yapsuga* (1987), 369 Pa.Super. 336, 535 A.2d 187; *Bickerstaff v. Alabama* (Ala.1987), 516 So.2d 800; *Minnesota v. Parker* (Minn.1988), 417 N.W.2d 643.

Defendant's sole assignment of error is sustained. The judgment of the trial court is vacated, and this cause is remanded to the court with instructions to afford appellant an opportunity to withdraw his no contest plea and proceed to trial.

*Judgment vacated*
*and cause remanded.*

PUTMAN, P.J., and HOFFMAN, J., concur.