The STATE of Ohio, Appellee,

v.

MULHERN, Appellant.

[Cite as *State v. Mulhern* (1991), 72 Ohio App.3d 250.]

Court of Appeals of Ohio,
Jackson County.

No. 634.

Decided Jan. 22, 1991.

*Mark A. Ochsenbein,* for appellee.

*Mark T. Musick,* for appellant.

GREY, Judge.

This case, an appeal from the Jackson Municipal Court, presents a simple issue. Appellant, William E. Mulhern, was charged with DUI and filed a motion to suppress the results of a blood alcohol test administered on a BAC Verifier. The motion was based on the claim that the test was not administered in accord with the rules of the Ohio Department of Health. The trial court denied the motion to suppress.

Mulhern appeals, designating one assignment of error, *i.e.*, that the court erred in finding the test results were achieved in compliance with the Department of Health regulations.

The facts in this case are not, essentially, disputed. The machine in question here was located in the Jackson Highway Patrol post. It was removed for servicing and returned to its original place, facing in the same direction. It appears that radio frequencies can interfere with the accuracy of these machines, so the Department of Health has adopted a regulation that all machines must be tested for this kind of interference in the exact spot where they are used. These RFI test forms are to be kept with the machines, and the regulation goes on to provide,

"A new survey shall be conducted when a breath testing instrument's spatial placement or axis is changed from that designated in the most recent form."

Appellant contends that taking the machine away and then returning it constitutes a change as contemplated by the regulations. Appellee asserts that movement alone is not change, and that if the machine is returned to the very place from which it was taken, there is no spatial or axial change. In support of its position, the state offered as an exhibit a letter from the Department of Health stating that it was the position of the department that where a machine was removed for cleaning or servicing and returned to the same location facing the same way, a new RFI test was not necessary.

Appellant concedes that the courts must give due deference to the agency's interpretations of its own regulations, *Jones Metal Products v. Walker* (1972), 29 Ohio St.2d 173, 58 O.O.2d 393, 281 N.E.2d 1, but argues that interpretation can only be used when there is an ambiguity in the regulation. Appellant claims there is no ambiguity here.

We believe there is. Appellant interprets the regulation as saying movement is equal to change. In effect, appellant is asserting that since a thing can only exist in both time and space, a break in the temporal continuity of the placement constitutes change as is contemplated by the regulations. This is not an unreasonable position, but it does create an ambiguity.

The Department of Health has considered this ambiguity and has advised operators of the machines that temporal continuity is not necessary. It has interpreted its own regulations to say that if the machine is returned to the very same place facing the same way, no new test is required. We as a court must defer to that interpretation.

We find no error in the trial court's decision that held there was no violation of a Department of Health regulation, and that the test was properly administered.

Assignment of error one is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

HARSHA, J., concurs.

HOFSTETTER, J., concurs in judgment only.

EDWIN T. HOFSTETTER, J., retired, of the Eleventh Appellate District, sitting by assignment.

HARSHA, Judge, concurring.

I concur in judgment and opinion based on the authority set forth in *Wauseon v. Badenhop* (1984), 9 Ohio St.3d 152, 9 OBR 442, 459 N.E.2d 867, *State v. Collins* (1985), 26 Ohio App.3d 204, 26 OBR 426, 498 N.E.2d 1379, and this court's prior determination in *State v. Hennessee* (1984), 13 Ohio App.3d 436, 13 OBR 525, 469 N.E.2d 947, that a motion to suppress is the appropriate pretrial procedure to contest the admissibility of blood alcohol tests. Crim.R. 12(H) provides that a no contest plea does not preclude a defendant from raising alleged errors on pretrial motions. Accordingly, we properly addressed the merits of defendant's appeal.

HOFSTETTER, Judge, concurring in judgment only.

I concur with the judgment of affirmance but not with the reasoning.

In our fact situation the trial court denied the appellant's motion to suppress. It is my understanding of the law that unless a constitutional violation is involved, suppression of the evidence is not the proper relief. In this case where the suppression motion was denied, the judgment of the trial court as to the admissibility of the test results was, for all practical purposes, only a preliminary ruling on evidentiary matters and hence was only the denial of a motion *in limine*, regardless of the caption of the judgment entry. The appellant then had the right to proceed with trial if he chose to do so. Instead, he chose to change his plea to "no contest."

An appellate court need not review the propriety of a tentative, discretionary, interlocutory ruling on an evidentiary issue that is anticipated will arise

at trial, unless the claimed error is preserved by a timely objection when the issue is *actually reached at trial.* *State v. Leslie* (1984), 14 Ohio App.3d 343, 14 OBR 410, 471 N.E.2d 503.

Similarly, in the granting of a motion *in limine* in favor of the state in a criminal proceeding, it is incumbent upon a defendant at trial who has been temporarily restricted from introducing evidence by the granting of a motion *in limine* to seek the introduction of the evidence by a proffer or otherwise in order to enable the court to make a final determination as to its admissibility, and to preserve any objections on the record for purposes of appeal. See *State v. Grubb* (1986), 28 Ohio St.3d 199, 28 OBR 285, 503 N.E.2d 142, and *State v. Gilmore* (1986), 28 Ohio St.3d 190, 28 OBR 278, 503 N.E.2d 147.

It follows, in the instant situation, that where the appellant changed his plea to "no contest," no trial of the case took place and the evidentiary issue assigned as error was, in fact, waived.

We are, therefore, in my opinion, without jurisdiction, in view of the waiver, to address the merits concerning the propriety of the results of a blood alcohol test as was administered herein on a BAC Verifier.

The defendant-appellant having waived the evidentiary issue now being raised, I, too, would affirm his conviction and affirm the judgment of the trial court.