The STATE of Ohio, Appellee,

v.

AMBURGEY, Appellant.

[Cite as *State v. Amburgey* (1993), 86 Ohio App.3d 635.]

Court of Appeals of Ohio,
Montgomery County.

No. 13376.

Decided March 5, 1993.

*Patrick G. Carney,* West Carrollton Prosecutor, for appellee.

*Katherine L. Billingham,* for appellant.

FREDERICK N. YOUNG, Judge.

This case is on appeal from a judgment of the Municipal Court of Miamisburg, Ohio, finding Dennis W. Amburgey ("defendant") guilty of a charge of domestic violence under R.C. 2919.25 for allegedly striking his former wife on May 3, 1991. The case was set for jury trial on February 7, 1992, but did not go to trial because on that morning defendant entered a no contest plea "so I can appeal the case," as defendant put it.

The court then found the defendant guilty of the charge of domestic violence based upon the affidavit and reports contained in the complaint.

The defendant presents three issues as grounds for his appeal, the first being whether the trial court abused its discretion in granting a motion by the state *in limine* to preclude evidence of numerous "disputes between the complainant/ex-wife and" the defendant, as stated in defendant's brief.

The state's motion *in limine* was to limit the introduction of any evidence concerning problems or disputes between the complaining witness (Elaine Amburgey, the ex-wife) and the defendant "unless such testimony or evidence relates to the incident" alleged in the complaint as having occurred on May 3, 1991. The defendant argues that such evidence would prove bias, prejudice, or motivation of the complaining witness which would be relevant to attack the credibility of that witness. The defendant also argues that the evidence would be relevant to an issue of provocation which defendant claims would be an affirmative defense to a charge of domestic violence.

The trial court granted the motion and the defendant made no proffer of evidence. The defendant argues that a proffer was unnecessary because "both parties and the court were aware of the general nature of the evidence, being the several and continuing problems between the parties concerning visitation." The transcript shows that counsel for the state remarked to the court that the defendant and complaining witness "had quite a few problems concerning the visitation and custody of their minor daughter" and counsel for the defendant stated "they've had problems, significant problems, in relation to their divorce and custody and visitation."

It is obvious that mere statements about undefined and unexplained "problems" do not rise to the level of a proffer and do not provide a record sufficient for an appellate court to review the ruling of the trial court.

It is settled law that an order granting or denying a motion *in limine* is a tentative, preliminary or presumptive ruling about an evidentiary issue that is anticipated, and that an appellate court need not review the propriety of such an order unless the claimed error is preserved by a timely objection on issues actually reached during the trial, as so ruled by this court in *State v. Leslie* (1984), 14 Ohio App.3d 343, 14 OBR 410, 471 N.E.2d 503.

This rule has been approved by the Supreme Court of Ohio, *State v. Grubb* (1986), 28 Ohio St.3d 199, 28 OBR 285, 503 N.E.2d 142, and by a number of other appellate courts. See *State v. Prince* (1991), 71 Ohio App.3d 694, 595 N.E.2d 376; *Mason v. Swartz* (1991), 76 Ohio App.3d 43, 600 N.E.2d 1121; *State v. Mulhern* (1991), 72 Ohio App.3d 250, 594 N.E.2d 630; and *State v. Estep* (1991), 73 Ohio App.3d 609, 598 N.E.2d 96. The latter two cases are significant because in both cases defendant entered a no contest plea, as in this present case, and the courts pointed out that since there was no trial, the evidentiary issue of the *in limine* motion was in effect waived by the defendant.

In this case, however, we note that defendant tendered his plea upon the express understanding that he would thereby be preserving the adverse liminal ruling for review on appeal, and that the trial court did not disabuse him of that

notion. Had the trial court explained to defendant that his no contest plea would not preserve the adverse liminal ruling for review on appeal, then defendant's plea, in the face of that explanation, would waive his right to appeal on that issue.

The trial court accepted defendant's no contest plea without advising him of the incorrectness of his expressed understanding that he would thereby be preserving the adverse liminal ruling for review on appeal. In our view, this was error, because it was clear, at that point, that defendant's no contest plea, including the waivers represented thereby, was not knowing and intelligent. The waiver of basic constitutional rights represented by a plea of no contest must be knowing and intelligent. Under the circumstances, defendant's plea was neither knowing nor intelligent. Therefore, the trial court erred by accepting it.

We are thus in the situation of recognizing, on the particular facts of this case, that the issue of the *in limine* motion has been preserved for appeal, but without having facts before us to rule on the issue because of lack of a sufficient proffer.

A ruling on the first assignment of error, however, is unnecessary because we have found error in the trial court's acceptance of the defendant's no contest plea. The no contest plea is hereby stricken.

A serious issue is raised by the defendant's second assignment of error, as follows: "whether the trial court abused its discretion in sustaining appellee's objection and precluding the appellant from presenting testimony of Ms. Sylvia Hubbard."

This case had originally been scheduled for a jury trial on December 17, 1991, but was continued until February 7, 1992, at the request of the attorney for the defendant. Prior to the trial date in December 1991, the trial court ordered a pre-jury trial brief to be filed by both parties by December 4, 1991, in which the parties were to list requested jury instructions, witnesses, unusual questions and the time estimated for trial by each side. On December 11, 1991, the defendant filed his pre-jury trial brief and listed only one witness, the defendant himself, and stated that defendant would testify as to all relevant facts. On February 4, 1992, defendant filed a praecipe and summons for witnesses listing two additional witnesses for the defense which the prosecution had not been aware of. In fact, the prosecution was not advised of the names of these witnesses until February 6, 1992, the day before the trial date. On the day of the trial the prosecution objected to the witnesses testifying on the grounds that the identity of at least one particular presumed witness, a Sylvia Hubbard, must have been known by the defendant as early as the date of the alleged incident itself, as defendant's counsel explained that this witness was on the scene when the incident allegedly occurred and was not a friend of the defendant but merely someone to whom the defendant was trying to rent an apartment.

While the parties indicate that the defendant attempted to summon two witnesses at the last minute, the record and arguments revolve around only the one witness named as Sylvia Hubbard.

The prosecution had timely advised the defendant that it would present four witnesses, including the complainant, who would testify that they witnessed the alleged incident. The defendant prior to the day of trial had not brought forth any witnesses other than himself. The witness whose testimony is in issue is claimed by the defendant to have been an eyewitness and unrelated to him and, therefore, a credible witness. Counsel for the state, in fact, stated that "her testimony would be very, very important to the defense and to this case." Counsel for the defense stated to the trial court that the witness was not only important but "vital to the defense case" and that without that witness there would be "very little point in going to trial."

Counsel for the defense also stated that he was not aware of this witness until very shortly prior to trial and that the defendant himself had not known how to reach the witness until very recently. The trial court held that since the case had been set for jury trial before (while the defendant was *pro se*) and since the incident occurred as long ago as May 1991, it did not believe that the defendant did not know the name of the witness and sustained the state's objection and precluded Sylvia Hubbard from testifying, exercising its discretion under Crim.R. 16(E). The court did not hold a hearing on the issue of why the defendant did not bring forth Hubbard's name in a timely manner and defendant was not given the opportunity to· explain the circumstances in any fashion whatsoever.

We have before us a situation where a defendant charged with a serious crime was precluded from presenting an alleged eyewitness to the alleged incident who would testify, according to counsel for the defendant, directly contrary to testimony of the complaining witness, the defendant's ex-wife. Crim.R. 16(E) does in fact provide a wide range of sanctions which a trial court, in its discretion, may impose on a non-complying party. The issue here is whether the sanction of excluding the only apparently objective witness the defendant had was far too severe under the circumstances. We have no way of knowing exactly what the witness would have testified to since there was no proffer of testimony.

The Ohio Supreme Court in the case of *Lakewood v. Papadelis* (1987), 32 Ohio St.3d 1, 511 N.E.2d 1138, dealt with an appeal from a trial where all the witnesses the defendant intended to call, other than himself, were excluded.

The Supreme Court stated:

"It is apparent that the sanction of exclusion may infringe on a criminal defendant's Sixth Amendment right to present a defense, particularly where, as in this case, all the defendant's witnesses are excluded. Note, The Preclusion

Sanction–A violation of the Constitutional Right to Present a Defense (1972), 81 Yale L.J. 1342. The courts of other states, when presented with the claim that exclusion of a criminal defendant's witnesses is too harsh a sanction, have held that the trial court must make an inquiry into the surrounding circumstances prior to excluding a party's witnesses. Before imposing the sanction of exclusion, the trial court must find that no lesser sanction would accomplish the purpose of the discovery rules and that the state would be prejudiced if the witnesses were permitted to testify. *State v. Mai* (1982), 294 Ore. 269, 656 P.2d 315; *Richardson v. State* (Fla.1971), 246 So.2d 771; *People v. Williams* (1977), 55 Ill.App.3d 752 [13 Ill.Dec. 234], 370 N.E.2d 1261; *Borst v. State* (Ind.App.1984), 459 N.E.2d 751; *State v. Marchellino* (Iowa 1981), 304 N.W.2d 252; *State v. Smith* (1979), 123 Ariz. 243, 599 P.2d 199; *Fendler v. Goldsmith* (C.A.9, 1983), 728 F.2d 1181." *Papadelis, supra,* 32 Ohio St.3d at 5, 511 N.E.2d at 1141.

The Supreme Court then followed the rationale of the cited cases and held that:

"[A] trial court must inquire into the circumstances surrounding a violation of Crim.R. 16 prior to imposing sanctions pursuant to Crim.R. 16(E)(3). Factors to be considered by the trial court include the extent to which the prosecution will be surprised or prejudiced by the witness' testimony, the impact of witness preclusion on the evidence at trial and the outcome of the case, whether violation of the discovery rules was willful or in bad faith, and the effectiveness of less severe sanctions.

"We recognize that a state's interest in pretrial discovery may be compelling. Notwithstanding that interest, any infringement on a defendant's constitutional rights caused by the sanction must be afforded great weight. Consequently, a trial court must impose the least drastic sanction possible that is consistent with the state's interest. If a short continuance is feasible and would allow the state sufficient opportunity to minimize any surprise or prejudice caused by the noncompliance with pretrial discovery, such alternative sanction should be imposed. Even citing defense counsel for contempt could be less severe than precluding all of the defendant's testimony. *United States, ex rel. Veal, v. Wolff* (N.D.Ill.1981), 529 F.Supp. 713, at 722. We hold that a trial court must inquire into the circumstances surrounding a discovery rule violation and, when deciding whether to impose a sanction, must impose the least severe sanction that is consistent with the purpose of the rules of discovery." *Papadelis, supra,* 32 Ohio St.3d at 5, 511 N.E.2d at 1141–1142.

An interesting contrast to the present situation is found in the case of *State v. Moon* (1991), 74 Ohio App.3d 162, 598 N.E.2d 726, where a defense witness was actually excluded by the trial court because the defendant's counsel offered the witness, a James Moore, for the first time on the second day of the trial and without any explanation of why the witness was apparently discovered three

months after the alleged crime. The court of appeals in that case upheld the exclusion but pointed out that counsel "did not suggest that * * * James Moore could add anything to the proceedings that the other defense witnesses were unable to supply." *Id.* at 170, 598 N.E.2d at 731. That case is readily distinguishable because here we have a clear situation where the witness excluded would have provided testimony vital to the defense in this case, as has been admitted by counsel for both parties.

■ The trial court in this case was understandably annoyed with the last-minute witness offered by the defendant and we can sympathize with its feelings at the time, but we do not find from the transcript any indication that the trial court considered a lesser sanction than precluding the defendant from effectively presenting any credible case at all. Our system of jurisprudence in this country is, admittedly, skewed to the side of the defendant in a criminal matter. Some would say that it is too far skewed. However, when the basic Sixth Amendment right of a defendant to present a case has been forfeited by a sanction under the rules of discovery, without a hearing on the issue of non-compliance with the rules, a fundamental error has occurred.

We therefore sustain the defendant's second assignment of error.

The defendant's third assignment of error is that the defendant was deprived of his Sixth Amendment right to effective counsel if this court should find, as it has, that a proffer of the evidence excluded by the prosecution's *in limine* motion was required. However, our holding in this case renders it unnecessary for us to consider this third assignment of error.

The case is remanded to the trial court which can set the matter again for a full trial.

*Judgment reversed*
*and cause remanded.*

FAIN, J., concurs.

GRADY, P.J., dissents in part.

GRADY, Presiding Judge, dissenting in part.

I respectfully dissent from the decision of the majority sustaining the second assignment of error.

When confronted with a discovery violation, the trial court is required to inquire into the circumstances surrounding the violation and impose the least

severe sanction consistent with the purposes of the rules of discovery.  *Lakewood v. Papadelis* (1987), 32 Ohio St.3d 1, 511 N.E.2d 1138.

The trial court did not hold a hearing but, instead, received the representations of counsel of the reasons for the violation and found them wanting.  The procedure was a sufficient "inquiry."  Indeed, defendant does not allege that there was any reason for the failure of which the trial court was unaware.  Any further explanations he might make as to why he could not locate the witness or how he searched for her, if he did, could mitigate the violation, at most.  However, neither would it prevent him from identifying the witness in his discovery response, if only as "Jane Doe," so as to notify the prosecutor of her existence and permit the prosecutor to prepare the state's case for her testimony should she be located and called.  The trial court simply concluded that the passage of time did not preclude such efforts by the defendant, and he gave no reasons for his failures to do so.

When the court was presented with the defendant's discovery violation the case was waiting for trial.  A jury venire was ready for voir dire.  Witnesses were in attendance.  The court had, presumably, cleared its docket of other cases.  The only alternative to the course followed was a continuance.  But municipal courts are very busy places and are required to conserve their time and plan ahead.  A continuance could have seriously impaired the court in its conduct of other business when the case was recalled.  In that event, it could not be assured that all the necessary witnesses would be available.  I believe that in this circumstance the trial court did not abuse its discretion in adopting the sanction it imposed, to exclude the witness from testifying.

I would overrule the second assignment of error.  Because I agree that the first assignment should be sustained, I have joined in the order to reverse and remand.