OPINION
Appellant Todd Hughes appeals the judgment of the Stark County Common Pleas Court convicting him of Contributing to the Delinquency of a Minor (R.C. 2919.24), Sexual Battery (R.C.2907.03(A)), and Sexual Imposition (R.C. 2907.06):
ASSIGNMENTS OF ERROR:
 I. THROUGH ITS MISTAKEN CONCLUSION THAT THE DEFENDANT WAS EMPLOYED AS A TEACHER, AND WAS A PERSON IN AUTHORITY UNDER R.C. 2907.03(A) AT THE TIME OF THE ALLEGED OFFENSE, THE TRIAL COURT ERRONEOUSLY DENIED THE DEFENDANT'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT.
 II. THROUGH ITS MISTAKEN CONCLUSION THAT THE LONGER 270 DAY SPEEDY TRIAL PROVISION APPLIES TO MISDEMEANOR COUNTS WHICH ARE JOINED WITH A FELONY COUNT IN A SINGLE INDICTMENT, THE TRIAL COURT ERRONEOUSLY DENIED THE DEFENDANT'S MOTION TO DISMISS COUNTS TWO AND THREE OF THAT THE INDICTMENT.
Appellant was employed as a music teacher at Navarre Elementary School for one and one-half years, before he was transferred to Fairless High School in January of 1995. At Fairless High School, appellant served as a music teacher, choir director, and director of the school's annual musical.
In November of 1996, Jackson Township Police stopped appellant's vehicle, and discovered appellant and Ricky Miller, one of his students, consuming alcohol. Appellant had provided the alcohol to Miller. Due to his conduct, appellant's responsibility of teaching music in the classroom at Fairless High School ended on January 16, 1997. Subsequently, the Fairless Board of Education entered into a settlement agreement with appellant on January 27, 1997.
Pursuant to the settlement agreement, appellant was required to submit his irrevocable resignation to the Board of Education, effective at the end of the 1996-97 school year. He was permitted to use his accumulated sick leave during the remainder of the school year, and after utilizing his accumulated sick leave, the Board would grant appellant an unpaid leave of absence for the remaining days of the school year. Appellant was permitted to receive health and medical insurance coverage through August 31, 1997. The Board was required to provide a letter of recommendation for appellant when responding to inquiries from prospective employers.
Based on this agreement, appellant received payment for February and March, 1997, from accrued sick leave. Furthermore, during February and March, he continued to accrue sick time. When his sick leave was used up, appellant was placed on Board-approved unpaid leave, in which he was able to sustain and earn seniority. Appellant's health insurance was retained until August 31, 1997. In early February of 1997, shortly after entering into the settlement agreement, three students came to appellant's home to prepare for the upcoming annual musical.
Also in February, appellant engaged in fellatio with Miller, at Miller's residence. Appellant had become friends with the Miller family during his tenure as Fairless choir director, and the incident occurred while he was spending the night at their home. A few weeks prior to the incident of fellatio, appellant had fondled Miller's genitals, and placed Miller's hand on appellant's genitals.
Appellant was indicted for Sexual Battery, Sexual Imposition, and Contributing to the Delinquency of a Minor. Appellant pleaded not guilty. Appellant filed a motion to dismiss all three counts of the indictment. He moved to dismiss the Sexual Battery charge, challenging the allegation that he was a teacher at the time of the criminal conduct. He moved to dismiss both misdemeanor offenses on the basis that his right to a speedy trial was violated. Following an evidentiary hearing on the motion to dismiss count one, the court overruled all of the motions.
Appellant pleaded no contest to all three counts of the indictment. He was convicted as charged, and sentenced to four years incarceration for Sexual Battery, six months incarceration on the contributing conviction, and sixty days incarceration on the Sexual Imposition conviction. The sentences were to run concurrently,.
 I.
Appellant moved to dismiss count one of the complaint at trial on the basis that he was not a teacher on the date of the incident.
R.C. 2907.03(A)(7) provides:
 (A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:
 (7) The offender is a teacher, administrator, coach, or other person in authority employed by or serving in a school for which the state board of education prescribes minimum standards pursuant to division (D) of section 3301.07 of the Revised Code, the other person is enrolled in or attends that school, and the offender is enrolled in and does not attend that school.
We agree with the State that the issue was not properly raised by a Crim.R. 12(B) motion to dismiss, as the motion goes directly to an element of the offense. The sufficiency of the evidence in a criminal case is not properly raised by a pre-trial motion. E.g., State vs. O'Neal (1996), 114 Ohio App.3d 335; Statevs. McNamee (1984), 17 Ohio App.3d 175, 176. However, the State did not raise this issue in the trial court and, therefore, has waived this argument.
The State also argues that appellant waived this issue by pleading no contest, as a plea of no contest means that appellant did not contest the facts presented by the prosecutor, which included a representation that appellant was a teacher at the time of the criminal conduct. We agree. Nevertheless, in the interest of justice, we will address the issue on the merits, as the court conducted a full evidentiary hearing on the issue, and it appears that the parties were under the understanding that the issue would be appealed. See State vs. Ruegsegger (1989), 64 Ohio App.3d 626,629.
The evidence presented during the pre-trial hearing demonstrated that appellant was a teacher at Fairless High School when he engaged in sexual conduct with Miller, a student. The offense arose from an act of fellatio between appellant and Miller occurring between February 1, 1997 and February 28, 1997. Appellant's responsibility of teaching in the classroom ended on January 16, 1997. However, in February, appellant continued to assist students in preparing for the upcoming musical. Further, he was receiving payment for sick leave and was earning seniority. The school paid to maintain his health insurance. He was neither terminated, nor had he resigned, as his resignation did not become effective until the conclusion of the 1996-97 school year. In addition, there was evidence that the reason the terms of the settlement agreement provided for confidentiality was to protect appellant's "cloak as a teacher," and allow him to maintain some authority and respect. Tr. 65.
The first Assignment of Error is overruled.
 II.
Appellant argues that the court erred in failing to dismiss the two misdemeanor charges, as they were not brought to trial within ninety days.
The issue before this court is whether a felony charge in an indictment, which also contains a misdemeanor charge, extends the time to try the misdemeanor to the 270-day period specified for the felony. Neither this court nor the Ohio Supreme Court has resolved the issue, and the Ohio Revised Code is silent on the issue.
Ohio's Appellate Districts are divided on this issue. The Seventh, Ninth, and Twelfth Districts have held that where an indictment charges both a felony and a misdemeanor, the time limit of 270 days applies to the misdemeanor. However, the First, Third, Fourth, Eighth, and Eleventh Districts have held that the misdemeanor must be tried within ninety days, regardless of whether it is contained in an indictment that charges a felony.
We find the reasoning of the Seventh, Ninth, and Twelfth Appellate Districts more persuasive. Extending the time to bring the misdemeanor to trial promotes the public interest by elevating the heavy burden the State typically encounters during the prosecution of a defendant charged with both a felony and a misdemeanor. State vs. Browning (November 12, 1991), Butler App. No. CA91-01-009, unreported, at page three. The State is not placed in the untenable position of either dismissing the misdemeanor charge because the grand jury did not return the felony indictment before the end of the ninety-day period, or prosecuting the misdemeanor prior to the return of the indictment, chancing that double jeopardy will bar the subsequent felony prosecution. Id. The State will not be forced to go to trial too early on the felony in order to accommodate the speedy trial statute governing the misdemeanor, thereby jeopardizing conviction on the felony. Id. Further, the accused is not prejudiced as a result of the extension. Id. The State is not permitted to unjustifiably prolong and delay the trial, as the State is still required to bring the accused to trial within the 270-day period mandated for the felony. Id. In addition, because of the pending felony charge, the extension of time to try the misdemeanor does not run afoul of the speedy trial statute's intent of minimizing restrictions on freedom and disruptions of life caused by unresolved criminal charges. Id.
The second Assignment of Error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By: Reader, J., Farmer, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellant.