OPINION
Appellant Lawrence Crowley is appealing the decision, of the Perry County Court of Common Pleas, that denied his motion inlimine. The following facts give rise to this appeal.
On April 15, 1997, appellant was cited for operating a motor vehicle while under the influence of alcohol, driving under FRA suspension and illegal backing. On May 29, 1997, the Perry County Grand Jury indicted appellant for driving under the influence with priors in violation of R.C. 4511.19(A)(1). The indictment alleged that within six years of the current offense, appellant had been convicted of or plead guilty to three or more violations of R.C.4511.19(A) or (B).
Appellant filed a motion to suppress and motion to dismiss on July 14, 1997. The trial court overruled appellant's motion on October 3, 1997. The trial court scheduled this matter for trial on October 20, 1997. Prior to the commencement of trial, appellant filed a motion in limine agreeing to stipulate to the validity of the prior enhancement OMVI convictions. The trial court overruled appellant's motion. Thereafter, appellant entered a plea of no contest on October 23, 1997. The trial court sentenced appellant accordingly.
Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO GRANT THE DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE STATE FROM MENTIONING OR REFERRING TO THE DEFENDANT/APPELLANT'S PRIOR OMVI CONVICTIONS, PREDICATED UPON THE DEFENDANT'S WILLINGNESS TO STIPULATE TO THE VALIDITY OF THE SAID PRIOR CONVICTIONS.
Appellant maintains, in his sole assignment of error, the trial court should have granted his motion in limine because the introduction of his prior OMVI convictions would prejudice him and the probative value would be outweighed by the risk of prejudice. We will not address the merits of appellant's assignment of error as we find appellant failed to preserve this issue for appellate review.
In general, the ruling on a motion in limine does not preserve the record on appeal and an appellate court need not review the ruling unless the claimed error is preserved by an objection at trial. State v. Grubb (1986), 28 Ohio St.3d 199, paragraph two of the syllabus, citing State v. Leslie (1984),14 Ohio App.3d 343, 344; State v. Brown (1988), 38 Ohio St.3d 305, paragraph three of the syllabus; State v. Maurer (1984), 15 Ohio St.3d 239,259. Further, a no contest plea generally waives any claim of error with respect to an adverse ruling on a motion inlimine. See State v. Ruegsegger (1989), 64 Ohio App.3d 626, 629;Columbus v. Sullivan (1982), 4 Ohio App.3d 7, 9; State v. Steiner
(July 19, 1983), Stark App. No. CA-6145, unreported.
In the case sub judice, after the trial court overruled appellant's motion in limine, appellant entered a plea of no contest. By entering the no contest plea, appellant waived any alleged error relating to the trial court's ruling on his motionin limine.
Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Perry County, Ohio, is affirmed.
By: Wise, J., Farmer, P. J., and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Perry County, Ohio, is affirmed.