DECISION AND JUDGMENT ENTRY
This is an appeal from the ruling of the Circleville Municipal Court, which denied in part Defendant-Appellant Michelle A. Green's motion to suppress the results of field-sobriety tests, which were administered prior to her arrest and led to her arrest for operating a motor vehicle under the influence of alcohol, a violation of R.C. 4511.19(A)(1). Specifically, the trial court denied appellant's motion to suppress the results of a one-leg-stand test and a walk-and-turn test, but it did grant appellant's motion to suppress the results of a horizontal gaze nystagmus test.
Following a plea of no contest, the trial court found appellant guilty of operating a motor vehicle under the influence of alcohol. Appellant was fined $350, sentenced to sixty days in jail, and was placed on probation upon the suspension of the jail sentence.
Appellant argues that the arresting officer failed to administer the three field-sobriety tests in accordance with standards established by the National Highway Traffic Safety Administration. Thus, appellant maintains that the trial court erred by not granting appellant's suppression motion in its entirety. We find no error by the trial court and affirm the judgment below.
 I. The Car Accident and Investigation
On December 14, 2000, Defendant-Appellant Michelle A. Green was operating her motor vehicle when she rear-ended another vehicle in Circleville, Ohio. Neither of the drivers was injured.
Officer Haning, a member of the Circleville Police Department, responded to the call regarding the accident. Upon his arrival at the accident scene, Officer Haning obtained the license and proof of insurance from each of the drivers. Officer Haning noticed a strong odor of alcohol about appellant's person. The officer also noted that appellant exhibited slurred speech and mood swings.
Officer Haning asked appellant whether she had been drinking, and she replied that she had consumed a "couple of beers."
 II. The Field-Sobriety Tests
Officer Haning requested that appellant perform certain field-sobriety tests in an effort to determine whether or not she was intoxicated. Officer Haning conducted three field-sobriety tests: 1) the horizontal gaze nystagmus (HGN) test; 2) the one-leg-stand test; and, 3) the walk-and-turn test.
Based on the results of his administration of these tests and his other observations (i.e., odor of alcohol, mood swings, slurred speech, and appellant's statement that she had been drinking), Officer Haning concluded that appellant was indeed intoxicated and arrested her for operating a motor vehicle under the influence of alcohol (OMVI), pursuant to R.C. 4511.19(A)(1).
 III. The Trial Court Proceedings
Appellant pled not guilty at her arraignment, and subsequently filed a motion to suppress all the evidence and observations gathered by Officer Haning. Appellant alleged that the officer lacked probable cause to arrest her. In her motion, appellant argued that the field-sobriety tests administered by Officer Haning were not carried out in strict compliance with the standardized-testing procedures established by the National Highway Traffic Safety Administration (NHTSA). Thus, appellant argued that the test results could not be used as factors constituting the basis of probable cause to arrest her. She also argued that because the tests were not administered in strict compliance with NHTSA standards, they were not admissible at trial.
 A. The Suppression Hearing
On February 1, 2001, the trial court conducted a hearing on the motion to suppress. Officer Haning was the sole witness to testify at this hearing.
Officer Haning testified that when he was compiling appellant's information for the accident report, he noticed a "pretty strong odor of an alcoholic beverage about her person." He further testified that he noticed that appellant's "eyes were bloodshot and watery." Officer Haning also testified that appellant's speech was slurred and that she was "really easily excitable."
The officer testified that he administered three separate field-sobriety tests to appellant: 1) the HGN test; 2) the one-leg-stand test; and, 3) the walk-and-turn test. During the administration of each test, appellant exhibited clues that she was impaired, and the officer testified that appellant had failed each of these three tests.
Based on the smell of alcohol about appellant's person, her slurred speech, mood swings, bloodshot and watery eyes, and her performance on the field-sobriety tests, Officer Haning arrested appellant for OMVI.
 B. The Trial Court's Ruling and Appellant's Change of Plea
The trial court ruled that there was probable cause for the arrest. The trial court further found that there was compliance with the NHTSA standards in the administration of the one-leg-stand test and the walk-and-turn test and found that the results of these tests were admissible at trial. However, the trial court also found that the officer's failure to ask whether appellant wore contact lenses was sufficient to negate strict compliance with the NHTSA guidelines for the administration of the HGN test and ruled the results of that particular test inadmissible at trial.
Subsequent to the trial court's ruling on her motion to suppress, appellant changed her plea from not guilty to no contest. The trial court subsequently found appellant guilty of OMVI and sentenced her accordingly.
 IV. The Appeal
Appellant filed a notice of appeal and has presented the following assignment of error for our review.
THE TRIAL COURT ERRED IN FAILING TO SUPPRESS THE OPINIONS AND OBSERVATIONS OF THE ARRESTING OFFICER AND THE RESULTS OF THE FIELD SOBRIETY TESTS FOR THE OFFICER'S FAILURE TO CONDUCT THE TESTS IN ACCORD [sic] WITH NHTSA STANDARDS.
In her brief before this court, appellant exclusively argues that the trial court erred when it ruled that the results of the one-leg-stand test and the walk-and-turn test were admissible at trial. From the content of appellant's brief, it is evident that some confusion exists regarding the analyses accorded such pre-trial motions to suppress evidence.
Appellant's "motion to suppress" and oral argument before the trial court contained a two-fold argument. First, appellant challenged the existence of probable cause for her arrest.
Second, appellant argued that, even if there was probable cause to arrest her, the results of the field-sobriety tests should be ruled inadmissible for trial purposes.
This second argument is the sole issue raised in appellant's appeal to this Court.
 A. Pre-Trial Motions To Suppress v. Motions in Limine
In State v. French (1995), 72 Ohio St.3d 446, 650 N.E.2d 887, the Supreme Court of Ohio described the circumstances when a motion to suppress is appropriate.
A "motion to suppress" is defined as a "[d]evice used to eliminate from the trial of a criminal case evidence which has been secured illegally, generally in violation of the Fourth Amendment (search and seizure), theFifth Amendment (privilege against self incrimination), or theSixth Amendment (right to assistance of counsel, right of confrontation etc.), of U.S. Constitution." Black's Law Dictionary (6 Ed. 1990) 1014. Thus, a motion to suppress is the proper vehicle for raising constitutional challenges based on the exclusionary rule first enunciated by the United States Supreme Court in Weeks v. United States (1914), 232 U.S. 383,34 S.Ct. 341, and made applicable to the states in Mapp v. Ohio (1961),367 U.S. 643, 81 S.Ct. 1684. Further, this court has held that the exclusionary rule will not ordinarily be applied to suppress evidence which is the product of police conduct that violates a statute but falls short of a constitutional violation, unless specifically required by the legislature. Kettering v. Hollen (1980), 64 Ohio St.2d 232, 235,416 N.E.2d 598, 600. * * *. Id. at 449, 650 N.E.2d at 890.
The French Court also described the use and nature of a motion inlimine.
A "motion in limine" is defined as "[a] pretrial motion requesting [the] court to prohibit opposing counsel from referring to or offering evidence on matters so highly prejudicial to [the] moving party that curative instructions cannot prevent [a] predispositional effect on [the] jury." Black's Law Dictionary, supra, at 1013. The purpose of a motion inlimine "is to avoid injection into [the] trial of matters which are irrelevant, inadmissible and prejudicial[,] and granting of [the] motion is not a ruling on evidence and, where properly drawn, granting of [the] motion cannot be error." Id. at 1013-1014. See State v. Maurer (1984),15 Ohio St.3d 239, 259, 473 N.E.2d 768, 787. Id. at 450,650 N.E.2d at 890.
Thus, motions seeking a pre-trial ruling on the admissibility of evidence, which do not raise violations of a defendant's constitutional rights, are generally motions in limine; while motions seeking the exclusion of evidence on constitutional grounds are generally motions to suppress.
In the case sub judice, the sole issue appellant raises for our review is whether field-sobriety tests, not administered in strict compliance with standardized-testing procedures, are admissible at trial.
This issue does not involve constitutional questions such as probable cause. Therefore, the portion of appellant's motion seeking a ruling on the admissibility of the test results for trial is not a motion to suppress, which could then involve the application of the exclusionary rule. See French, supra; see, also, State v. Jones (2000),88 Ohio St.3d 430, 727 N.E.2d 886 (giving examples of circumstances where the court has declined to apply the exclusionary rule to evidence obtained by police conduct not violative of constitutional rights). That portion of appellant's motion is more accurately indicative of, and requires treatment as, a motion in limine.
Rulings on motions in limine are interlocutory orders from which an appeal is not afforded the losing party. See French, supra; State v.Grubb (1986), 28 Ohio St.3d 199, 503 N.E.2d 142; State v. Maurer (1984),15 Ohio St.3d 239, 473 N.E.2d 768. However, if an objection to the challenged evidence is renewed at trial, the ruling on the motion inlimine can be addressed on appeal since it has been preserved in the record. See id.
In the present case, appellant changed her plea to no contest, thereby waiving her right to a trial. Since there was no trial, the evidentiary issues raised in appellant's motion, specifically the admissibility at trial of the one-leg-stand test results and the walk-and-turn test results, were not preserved for appeal and have been waived. See Statev. Asman (1989), 63 Ohio App.3d 535, 579 N.E.2d 512; State v. Ruegsegger
(1989), 64 Ohio App.3d 626, 582 N.E.2d 633; Columbus v. Sullivan (1982),4 Ohio App.3d 7, 446 N.E.2d 485; State v. Trikilis (July 31, 1996), Medina App. No. 2511-M, unreported; State v. Sams (Oct. 25, 1995), Washington App. No. 94CA48, unreported; see, e.g., State v. Huffman
(Aug. 8, 2001), Wayne App. No. 00CA0084, unreported; see State v.Hershner (June 8, 2000), Athens App. No. 99CA58, unreported.
Appellant's assignment of error on this basis is OVERRULED.
 B. Probable Cause To Arrest
Although appellant does not appear to directly raise the issue of probable cause to arrest, we will, nevertheless, briefly address it.
In State v. Homan (2000), 89 Ohio St.3d 421, 732 N.E.2d 952, the Supreme Court of Ohio held that, "In order for the results of a field-sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures." Id. at paragraph one of the syllabus.
However, the Supreme Court of Ohio further stated that, While field sobriety tests must be administered in strict compliance with standardized procedures, probable cause to arrest does not necessarily have to be based, in whole or in part, upon a suspect's poor performance on one or more of these tests. The totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered or where * * * the results must be excluded for lack of strict compliance. Id. at 427,732 N.E.2d at 957.
In the case sub judice, Officer Haning testified that he noticed a strong odor of alcohol about appellant's person. He also testified that appellant had slurred speech, mood swings, and bloodshot and watery eyes. Further, appellant had just been in an accident where she rear-ended another vehicle and admitted to having consumed a "couple of beers."
Thus, considering the totality of the circumstances, Officer Haning "had sufficient information * * * to cause a prudent person to believe that [appellant] was driving under the influence." Id. Under these circumstances, the officer's arrest of appellant was supported by probable cause.
 V. Conclusion
We find that any evidentiary issues involving the admissibility of field-sobriety test results at trial have been waived by appellant's decision to change her plea and forego trial. We also find that appellant's arrest was supported by probable cause.
Accordingly, appellant's sole assignment of error is OVERRULED, and the judgment of the trial court is AFFIRMED.