I agree with the principal opinion's characterization of appellant's assignment of error. Appellant, by choosing to enter her no contest plea, waived any error associated with the trial court's denial of appellant's pretrial motion to suppress certain prosecution evidence. See, e.g., the discussion in State v. Brown (Apr. 26, 1999), Athens App. No. 98CA14 15, unreported; State v. Craft (May 14, 1998), Athens App. No. 97CA53, unreported. An appellate court may not generally review a tentative, pretrial ruling in the nature of a motion in limine unless that particular claimed error is subsequently preserved by a properly placed objection at trial.
I further agree with the principal opinion that the trial court correctly determined that probable cause existed for appellant's arrest apart from her performance of the questioned physical coordination tests.
At this juncture I wish to note that I find nothing in the partial record transmitted on appeal to indicate that appellant entered her no contest plea with the understanding that the issues raised in her assignment of error could be reviewed on appeal. If, however, appellant can establish that her plea was the product of a misunderstanding, it is possible that appellant could seek another avenue of relief. In State v.Engle (1996), 74 Ohio St.3d 525, 660 N.E.2d 450, the court held that in light of the fact that the defendant believed that she could appeal the merits of pretrial motions in limine, the defendant's plea failed to satisfy the knowing and intelligent plea requirements. See, also, Statev. Anburgey (1993), 86 Ohio App.3d 635, 621 N.E.2d 753; State v.Ruegsegger (1989), 64 Ohio App.3d 626, 582 N.E.2d 633; State v. Hall
(1989), 57 Ohio App.3d 144, 567 N.E.2d 305; Columbus v. Quinn (Dec. 12, 1987), Franklin App. No. 86-AP-1079, unreported. Thus, if appellant can establish that she entered her plea with the specific understanding that she could obtain appellate review of the issues raised in her appellate brief, appellant may wish to request a withdrawal of her no contest plea.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the CIRCLEVILLE MUNICIPAL COURT to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY (60) DAYS UPON THE BAILPREVIOUSLY POSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of the entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion with Concurring Opinion.
Harsha, J.: Dissents.