THE STATE OF OHIO, APPELLEE, *v.* RANDLE, APPELLANT.

(No. 80AP-119—Decided July 3, 1980.)

*Mr. Michael Miller,* prosecuting attorney, and *Ms. Karen L. Martin,* for appellee.

*Messrs. Cassidy, Niehoff & Meeks, Mr. R. William Meeks, Messrs. Frick & Voltolini* and *Mr. Bradley N. Frick,* for appellant.

McCORMAC, J. Defendant-appellant, Mamie Randle, entered a plea of not guilty to one count of aggravated murder. Before trial, the court sustained the state's motion *in limine* to preclude defendant from introducing evidence concerning the victim's involvement with narcotics. Defendant then entered a plea of no contest to involuntary manslaughter and was found guilty by the court.

Defendant has appealed, asserting the following assignment of error:

"The trial court committed a reversible error, violating Article I, Sections 1 and 16, of the Ohio Constitution, and the

Fifth and Fourteenth Amendments to the United States Constitution by forbidding the Appellant to present evidence concerning illicit narcotics activities of the homicide victim where those activities were inextricably related to Appellant's claim of self-defense, including the Appellant's awareness of the victim's illicit narcotics activities, Appellant's communications with law enforcement officers and other civilians to report these activities, and the victim's threats of reprisal to Appellant for exposing his unlawful activities, thereby denying Appellant her right to assert self-defense and establish the factual circumstances giving rise to the necessity of self-defense."

The state sought a pretrial ruling through its motion *in limine* to prohibit the defendant from introducing any evidence concerning involvement of the decedent with narcotics on the ground that such evidence was irrelevant and would constitute an unfair defense tactic of putting the victim on trial. The defendant resisted the motion by arguing that the victim's drug dealing was inextricably tied to the defendant's claim of self-defense, which could not be proved without this evidence. Defense counsel stated that, if permitted, they would establish that defendant became aware of the decedent's drug dealing and reported his activities to the police, that decedent found out that defendant had gone to the police who were investigating the decedent, and that, as a result, decedent threatened to kill her. Ultimately, she shot him when he entered her house, purportedly to harm her as a result of her getting him into trouble with the police. The trial court sustained the motion *in limine,* prohibiting any mention of the report of drug dealing—in essence, requiring the proof of self-defense in a vacuum without the jury being aware of why defendant was afraid of the victim or why he was threatening her.

During subsequent proceedings, the state requested the trial court to modify its ruling by permitting the introduction of evidence pertaining to defendant's discussions with members of the Columbus Police Department concerning the victim's drug dealing, the victim's knowledge of these discussions, and his subsequent conversations with the defendant. The prosecution indicated that it was willing to modify the nature of the order if counsel could agree upon which evidence

concerning drug dealing was directly related to the self-defense theory. Counsel, however, were unable to reach an agreement, and the trial court made no modification of its prior ruling.

Defense counsel proffered the testimony of defendant, a Columbus police officer and a neighbor, concerning the decedent's drug dealing activities, the defendant's discussion of these activities with neighbors and members of the Columbus Police Department, the victim's knowledge of these conversations and subsequent threats of retaliation, and the defendant's fear of the victim.

Defendant then entered a plea of no contest to involuntary manslaughter in order to preserve the issue for appeal.

Defendant's right to present evidence relating to self-defense is fundamental. In order to establish the elements of self-defense, defendant must show:

" * * * (1) the slayer was not at fault in creating the situation giving rise to the affray; (2) the slayer has a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) the slayer must not have violated any duty to retreat or avoid the danger. (*State* v. *Melchior,* 56 Ohio St. 2d 15, approved and followed.)" *State* v. *Robbins* (1979), 58 Ohio St. 2d 74, paragraph two of the syllabus.

Although the defendant may not establish her defense by proving particular instances of violence on the part of the victim which did not concern her and of which she had no personal knowledge, *State* v. *Roderick* (1907), 77 Ohio St. 301, the defendant may introduce proof of the victim's threats against her in order to establish her belief that she was in danger at the time of the killing, *State* v. *Debo* (1966), 8 Ohio App. 2d 325. Inherent within the right to offer evidence of threats of violence putting the defendant in fear of her life is proof of the reason for the threats to be made. Without an explanation of the reason therefor, it is unlikely that the defendant could establish that element of self-defense by a preponderance of the evidence, as required.

The state impliedly conceded that such evidence was admissible. Subsequent to the trial court's sustaining of its motion *in limine,* the state offered to modify its motion to permit

the introduction of evidence of drug dealing which related directly to defendant's claim of self-defense. Unfortunately, when counsel were unable to agree upon the evidence to be admitted, the court did not resolve their difference of opinion concerning how far defendant could go into the subject of drug dealing by the decedent and made no modification of its ruling.

It was the trial court's function to rule on the evidence and to admit that evidence which was reasonably related to the claim of self-defense, despite the parties lack of agreement as to what was admissible. By arbitrarily ruling out all such evidence, the trial court prejudicially prevented defendant from attempting to prove the elements of self-defense.

The issue in this case is not drug dealing; it is the defendant's claim of self-defense. Some of the evidence which the trial court refused to hear relates intimately to the victim's threats and the defendant's fear for her life, tending to show that she acted in self-defense. The trial court could have limited improper use of the testimony by appropriate limiting instructions to the jury. The trial court should have permitted defendant to present that evidence of decedent's narcotics involvement which fairly pertained to defendant's claim of self-defense. There was, of course, discretion in controlling the extent of the evidence, so that the case would have been tried on the issues pertaining to defendant's criminal activity rather than decedent's character.

Appellant's assignment of error is sustained. Her conviction for involuntary manslaughter is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed and*
*cause remanded.*

STRAUSBAUGH, P. J., and REILLY, J., concur.