OPINION
{¶ 1} Appellant Kent Shattuck appeals the decision of the Ashland County Municipal Court that denied a motion in limine regarding the admissibility of certain evidence. The following facts give rise to this appeal.
 {¶ 2} On June 24, 2004, a trooper with the Ohio State Highway Patrol stopped appellant, on Interstate 71, for speeding. Appellant consented to a breathalyzer test which indicated a concentration of .066 alcohol by volume on appellant's breath. As a result of the traffic stop and breathalyzer, the trooper charged appellant with operating a motor vehicle with an illegal breath/alcohol concentration while under the age of twenty-one; speeding; and a seat belt violation. Appellant appeared in the Ashland Municipal Court, on June 29, 2004, and entered a plea of not guilty to the above charges.
 {¶ 3} Throughout the course of the pretrial proceedings, appellant maintained that he did not consume any alcoholic beverages on the day in question, but had repeatedly used Listerine mouthwash prior to the traffic stop. On September 3, 2004, appellant filed a motion to suppress challenging the trooper's decision to ask him to submit to a breathalyzer test. The trial court denied appellant's motion, on September 9, 2004, following a hearing.
 {¶ 4} Prior to the commencement of trial, which was scheduled for October 20, 2004, the trial court inquired of appellant's defense. Appellant indicated that he intended to inform the jury that he had not consumed alcohol on the day in question. The trial court indicated the origin of alcohol on appellant's breath was irrelevant under the statute and that it would not permit appellant to introduce evidence, at trial, regarding the use of Listerine mouthwash.
 {¶ 5} Thereafter, appellant filed a motion in limine seeking a formal ruling on the admissibility of the Listerine mouthwash evidence. On October 22, 2004, the trial court denied appellant's request to introduce this evidence at trial. On this same date, appellant entered no contest pleas to the three counts contained in the complaint. The trial court sentenced appellant accordingly.
 {¶ 6} Appellant timely filed a notice of appeal and sets forth the following sole assignment of error for our consideration:
 {¶ 7} "I. Did the trial court, in this prosecution for alleged violation of O.R.C. Section 4511.19(b)(2), commit reversible error by overruling defendant's motion in limine and preventing defendant thereby from introducing evidence tending to show that the alcohol on his breath originated from innocent use of listerine mouthwash."
 I {¶ 8} Appellant contends, in his First Assignment of Error, the trial court erred when it denied his motion in limine thereby preventing him from introducing evidence regarding his use of Listerine mouthwash prior to the traffic stop. We will not address the merits of appellant's appeal as appellant failed to preserve the error by entering a plea of no contest.
 {¶ 9} In State v. Pyo, Delaware App. No. 04CAA01009, 2004-Ohio-4768, we explained:
 {¶ 10} "`In general, the ruling on a motion in limine does not preserve the record on appeal and an appellate court need not review the ruling unless the claimed error is preserved by an objection at trial.State v. Grubb (1986), 28 Ohio St.3d 199, 503 N.E.2d 142, paragraph two of the syllabus, citing State v. Leslie (1984), 14 Ohio App.3d 343,344, 471 N.E.2d 503; State v. Brown (1988), 38 Ohio St.3d 305,528 N.E.2d 523, paragraph three of the syllabus; State v. Maurer (1984),15 Ohio St.3d 239, 259 N.E.2d 633; Columbus v. Sullivan (1982),4 Ohio App.3d 7, 9, 446 N.E.2d 485; State v. Steiner (July 19, 1983), Stark App. No. CA-6145, unreported.' State v. Crowley (Aug. 27, 1998), Perry County App. No. 97 CA 69." Id. at ¶ 19.
 {¶ 11} Accordingly, the trial court's denial of appellant's motion in limine was an interlocutory order and therefore, appellant's pleas of no contest did not preserve the error for appeal.
 {¶ 12} Appellant's sole assignment of error is overruled.
 {¶ 13} For the foregoing reasons, the judgment of the Ashland Municipal Court, Ashland County, Ohio, is hereby affirmed.
Wise, J. Gwin, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Ashland County, Ohio, is affirmed. Costs assessed to Appellant.