OPINION
{¶ 1} The defendant-appellant, Dennis R. Brock ("Dennis"), appeals the May 10, 2006 Judgment of conviction and sentence entered in the Common Pleas Court of Hancock County, Ohio.
 {¶ 2} This case originated from allegations of sexual abuse by a five year old victim, E.B., against her grandfather, defendant-appellant, Dennis. Immediately following the incident, the victim made certain statements recounting the incident to her grandmother, Eva Charlene Brock ("Eva"), who in turn over a period of several months informed various other individuals of the incident. In addition, Dennis made certain admissions to Eva regarding the sexual abuse that took place between him and E.B. Eventually, Dennis was formally interviewed by Detective Timothy Graydon of the Hancock County Sheriff's Department and made further admissions as to the sexual abuse that occurred with E.B.
 {¶ 3} On October 4, 2005, Dennis was indicted by the Hancock County Grand Jury on thirteen violations of R.C. 2907.02(A)(1)(b), Rape, each a felony of the first degree, and each count containing a penalty specification as to the victim's age. On October 5, 2005, Dennis entered not guilty by reason of insanity pleas to all counts of the indictment and requested a competency evaluation. On October 27, 2005, the trial court held a hearing to review the competency evaluation submitted by Dr. Thomas G. Sherman of the Court Diagnostic and Treatment Center and found Dennis competent to stand trial.
 {¶ 4} On December 8, 2005, Dennis filed a motion to suppress evidence, specifically his oral confession to Detective Graydon during the interview conducted pursuant to a criminal investigation. Also, Dennis filed a motion for an evidentiary hearing on the issue of corpus delicti and a motion in limine as to certain out of court statements the State planned to offer from the victim to various third party witnesses, alleging a violation of Dennis' confrontation rights under Crawford v.Washington (2004), 541 U.S. 36, 158 L.Ed.2d 177.
 {¶ 5} The State subsequently responded to the motions. On January 26, 2006 and February 21, 2006, evidentiary hearings were held for the court to hear evidence to decide Dennis' motions. On February 16, 2006, the trial court issued a written opinion on his motion to suppress evidence finding that Dennis had waived his Miranda rights before confessing to the detective. The court also found that no custodial interrogation occurred in this case. On February 17, 2006, the State filed additional discovery including several letters Eva had received from Dennis while he was in prison. On March 14, 2006, the trial court issued a written opinion overruling the remaining in liminal motions. Additionally, the trial court found the State had presented sufficient evidence outside of Dennis' confession to meet a showing of corpus delicti.
 {¶ 6} On April 10, 2006, Dennis entered a plea of no contest to all thirteen counts of the indictment with the understanding that he was preserving his appellate rights to contest the pre-trial evidentiary decisions made by the trial court. The matter came on for sentencing on May 9, 2006 and Dennis was classified as a Sexual Predator and sentenced to four consecutive life sentences. On May 31, 2006, Dennis filed a notice of appeal raising the following assignments of error:
 Assignment of Error 1 BROCK WAS NOT COMPETENT AS TO HIS CRIMINAL RESPONSIBILITY OR TO ENTER HIS NO CONTEST PLEAS.
 Assignment of Error 2 BROCK'S CONSTITUTIONAL RIGHT AGAINST SELF-INCRIMINATION WAS VIOLATED BECAUSE ANY INCRIMINATING STATEMENTS GIVEN TO AUTHORITIES SHOULD HAVE BEEN SUPPRESSED.
 Assignment of Error 3 THE STATE FAILED TO MEET ITS BURDEN OF PROOF OF PROVIDING CLEAR AND CONVINCING EVIDENCE THAT BROCK SHOULD BE DESIGNATED AS A SEXUAL PREDATOR.
 Assignment of Error 4 BROCK'S CONSTITUTIONAL RIGHTS PURSUANT TO THE CONFRONTATION CLAUSE WERE VIOLATED BY THE TRIAL COURT'S DECISION THAT STATEMENTS MADE BY THE CHILD VICTIM TO HER GRANDMOTHER WERE ADMISSIBLE.
 Assignment of Error 5 THE TRIAL COURT SHOULD HAVE ORDERED BROCK'S CONFESSION INADMISSIBLE BECAUSE THE STATE COULD NOT PROVIDE EVIDENCE THAT A CRIME HAD OCCURRED INDEPENDENT OF HIS CONFESSION.
 Assignment of Error 6 BROCK'S FOUR CONSECUTIVE LIFE SENTENCES ARE CONTRARY TO LAW BECAUSE THEY MANIFESTLY IGNORED THE EVIDENTIARY PROBLEMS WITH THE UNDERLYING CASE.
 {¶ 7} Initially, we must address the issue of whether Dennis properly preserved his claimed assignments of error for review with this Court. The denial of a motion in limine does not preserve error for purposes of appeal, absent a proper objection at trial. State v. Brown (1988),38 Ohio St.3d 305, 528 N.E.2d 523, paragraph three of the syllabus;State v. Maurer (1984), 15 Ohio St.3d 239, 258-260, 473 N.E.2d 768,787-788. Although such a motion is a useful technique for raising the issue of admissibility outside the presence of a jury, the court's ruling does not actually determine whether the evidence is admissible. Rather, a ruling in limine prevents a party from injecting improper evidence into the proceedings until the court is able to decide, in the context of the other evidence at trial, whether the evidence indeed is admissible. State v. Grubb (1986), 28 Ohio St.3d 199, 503 N.E.2d 142.
 {¶ 8} A party may not plead no-contest to preserve for appellate review the trial court's ruling on a motion in limine. In such an event there remains no evidentiary ruling upon which error may be predicated. Crim.R. 12(I) sets forth matters which may be raised on appeal from a no-contest plea. Specifically, Crim.R. 12(I) provides:
 Effect of plea of no contest. The plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence.
A "pretrial motion" is defined as "[a]ny defense, objection, evidentiary issue or request which is capable of determination without the trial of the general issue * * *." Crim.R. 12(C). A motion to suppress evidence is such a motion, but only if the basis for exclusion is that the evidence was illegally seized. Crim.R. 12(C)(3). Where the basis is other than an illegal seizure, appellate courts have held that a no-contest plea after an adverse ruling in limine does not preserve any error. City ofColumbus v. Sullivan (1982), 4 Ohio App.3d 7, 446 N.E.2d 485; State v.Schubert (Dec. 22, 1986), Seneca App. No. 13-85-22; City of Columbus v.Quinn (Dec. 17, 1987), Franklin App. No. 86AP-1079. Moreover, there is authority that a plea is invalid if based upon the mistaken belief judicial review would be available. Sullivan, supra; Quinn, supra.
 {¶ 9} In State v. Watson (Aug. 27, 1981), No. 80AP-880, the Tenth District Court of Appeals was confronted with the issue of whether a ruling preserved as part of a plea bargain could be raised on appeal. It held that:
 While there can be an appeal from a conviction following a no-contest plea, the issues that can be raised upon such an appeal are limited but, pursuant to Crim.R. 12(H), include a claim `that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence.' Crim.R. 12(B) defines pretrial motion, and Crim.R. 12(B)(3) specifically provides that `motions to suppress evidence * * * on the ground that it was illegally obtained' must be raised before trial.[1]
 The motion or request by the prosecution herein involved was not a motion to suppress evidence but, instead, was a request that the trial court in advance rule upon the issue of admissibility of the evidence predicated upon its materiality and relevancy. * * * Here, the trial court prematurely made that determination, which could not appropriately be determined prior to trial. * * *
Watson states that a no-contest plea does not preserve for appeal a trial court's ruling on a pretrial motion which requests an advance ruling on the materiality and relevancy of evidence, because such a question is not a "* * * defense, objection, or request which is capable of determination without the trial of the general issue * * *." See Crim.R. 12(C).
 {¶ 10} In Watson, the court vacated the trial court decision based on its conclusion that the plea bargain could not stand due to the misunderstanding in the trial court and the assumption that the negotiated plea bargain would allow the defendant to have the issue of the admissibility of evidence determined upon appeal. Therefore, the defendant was deprived of part of his plea-bargain arrangement and under such circumstances was awarded an opportunity to rescind the plea-bargain agreement and withdraw his no-contest plea.
 {¶ 11} In this case, the plea bargain, including the no-contest plea, was premised on the mistaken belief that Dennis could preserve his appellate rights to contest the pre-trial evidentiary decisions made by the trial court. In the plea hearing held on April 10, 2006, the parties stated the following:
 Mr. Fry: It is my understanding, and the State acknowledges that the Defendant is pleading no contest to the 13 counts for purposes of preserving his appellate rights as to the rulings made by the Court on the various pre-trial motions that we've already conducted hearings on, and the Court's ruling upon those motions, and the State is fully aware that that is part of the resolution of this particular case so that the Defendant can in fact preserve those specific appellate rights.
Plea Hearing Trans. p. 7.
 Court: We are going to talk about the fact that the purpose of this plea of no contest is to preserve for you your appellate rights to contest or have the Court of Appeals look over my pre-trial evidentiary decisions.
Plea Hearing Trans. p. 12.
 Court: Okay. Now, the purpose of the plea of no contest so it's clear in the Record here is you want to ultimately go to the Court of Appeals, and contest this Court's I think three different sets of pre-trial rulings, is that correct?
 * * *
 Dennis: Yes.
 Court: One was relating to some housekeeping things concerning voir dire at trial, pre-trial publicity, some of those kind of things. The second one was the written ruling on the motion to suppress as to the statements you made to Detective Graydon. The third ruling related to the video tape from Duluth, Minnesota, related to some statements that your granddaughter [E.B.] made to your then spouse Eva Charlene, those are the different sets of rulings that I am talking about.
 Dennis: Yes, sir, I understand that.
Plea Hearing Trans. p. 21.
 Court: The purpose of the no contest plea here is to preserve the Defendant's appellate rights as to the Court's several rulings on matters of evidence, I think if that's not clear in the Record at this point it now should be clear.
Plea Hearing Trans. p. 42.
 {¶ 12} We find that Dennis' no-contest plea was premised upon a plea bargain that included the erroneous belief by defense counsel, the prosecutor, and the trial court that he would be able to preserve his appellate rights to contest the pre-trial evidentiary decisions made by the trial court and that the issue regarding the admissibility of evidence would be decided on appeal by this Court. Under these circumstances, since the full plea bargain agreement in this case cannot be effected, we are compelled to vacate the no-contest plea and remand this matter for further proceedings on the original charges.
 {¶ 13} In view of our ruling, the remaining assignments of error in this case are moot. Therefore, the no-contest plea together with the May 10, 2006 Judgment and sentence of the Common Pleas Court of Hancock County, Ohio is vacated and the cause is remanded for further proceedings in accordance with this opinion.
Judgment vacated and remanded.
 BRYANT, P.J., and ROGERS, J., concur.
[1] Crim.R. 12 was amended effective on July 1, 2001 by inserting a new division (B) and redesignating prior divisions (B) through (J) as new divisions (C) through (K), respectively.