DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant/Defendant, Richard Mansfield, appeals from his conviction and sentencing in the Medina County Court of Common Pleas. We affirm.
 {¶ 2} On February 2, 2005, the Medina County Grand Jury indicted Defendant on one count of pandering sexually oriented matter involving a minor (F-4), in violation of R.C. 2907.322(A)(5); two counts of rape with a victim under the age of 13 years (F-1), in violation of R.C.2907.02(A)(1)(b); one count of unlawful conduct with a minor (F-3), in violation of R.C. 2907.04(A)(B)(3); and 16 counts of pandering sexually oriented matter (F-2), in violation of R.C. 2907.322(A)(1). An additional count of pandering was also filed, but was later dismissed as being duplicative. After several unsuccessful defense motions, including motions to suppress and motions to dismiss, Defendant pled no contest to the indictment and was sentenced to 14 years in prison. Defendant timely appealed his conviction and sentence, raising nine assignments of error for review.
 First Assignment of Error "The Trial Court improperly denied the motion to suppress the admission of evidence obtained through a search warrant on residence because search warrant as demonstrated at hearing was unsupported by probable cause and obtained items not specified or connected to a criminal nexus; and improperly denied suppression of computer CD that was read and obtained from Appellant's residence as there was no proper search warrant authorizing same."
 Fourth Assignment of Error "The Trial Court improperly denied the Defendant's motion to suppress the evidence obtained from the computer pursuant to search warrant as the search warrant was not signed by the affiant, Detective Foraker."
 {¶ 3} Defendant asserts that the State did not have probable cause sufficient to obtain a warrant to search his home, which search garnered a computer CD. Defendant's assertion regarding specific evidence obtained pursuant to the search warrants shall be addressed in conjunction with our discussion of Defendant's second and third assignments of error. The probable cause issue and the sufficiency of the affidavits in support of the search warrants shall be discussed here in conjunction with our analysis of Defendant's first and fourth assignments of error.
 {¶ 4} Two search warrants were executed in this case although which warrant is at issue vis-à-vis each assignment of error is unclear. The first warrant was issued on January 12, 2005, by Judge Collier (the "Collier Warrant"). The second warrant was issued on January 13, 2005, by Judge Kimbler (the "Kimbler Warrant"). It was the Collier warrant by which the State obtained the CD and computer evidence, and the Kimbler Warrant, that granted the State the right to view the evidence. A hearing was held related to Defendant's motions to suppress evidence obtained by the search warrants on November 2, 8, 21, and 30, 2005. The trial court denied all of Defendant's motions.
 {¶ 5} An appellate court's review of a ruling on a motion to suppress evidence presents a mixed question of law and fact. State v. Long
(1998), 127 Ohio App.3d 328, 332, 713 N.E.2d 1. ` "In a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.'" State v. Hopfer (1996),112 Ohio App.3d 521, 548, 679 N.E.2d 321, appeal not allowed (1996),77 Ohio St.3d 1488, quoting State v. Venham (1994), 96 Ohio App.3d 649, 653,645 N.E.2d 831. Accordingly, "[a]n appellate court must review the trial court's findings of historical fact only for clear error, giving due weight to inferences drawn from those facts by the trial court. The trial court's legal conclusions, however, are afforded no deference, but are reviewed de novoT State v. Russell (1998), 127 Ohio App.3d 414, 416,713 N.E.2d 56, citing Ornelas v. United States (1996), 517 U.S. 690,698-699, 134 L.Ed.2d 911. (Emphasis sic).
 {¶ 6} While a motion to suppress evidence under the Fourth Amendment is reviewed using the standard set forth in Ornelas, Defendant's brief asserts that the trial court's finding of probable cause was improper and the warrant invalid.
 "In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by [the trial court] * * *, [the] appellate court should [not] substitute its judgment for that of the [trial court] by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Rather, the duty of a reviewing court is simply to ensure that the [trial court] had a substantial basis for concluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the [trial court's] determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant. (Illinois v. Gates (1983), 462 U.S. 213, * * * followed.)" State v. Thymes, 9th Dist. No. 22480, 2005-Ohio-5505, at 124, quoting State v. George (1989), 45 Ohio St.3d 325, 544 N.E.2d 640, paragraph two of the syllabus. See, also, State v. Jordan, 101 Ohio St.3d 216, 2004-Ohio-783, at 138.
 {¶ 7} The George Court also stated:
 "In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, `the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." George, at paragraph one of the syllabus. (External citation omitted.)
 {¶ 8} Defendant makes only a bald argument that the affidavit for the Collier search warrant was not supported by probable cause, asserting that there was "no independent evaluation of the witnesses supporting the search warrant, nor their backgrounds, nor their veracity for truthfulness." Defendant asserts the Kimbler search warrant was improper because Detective Foraker, who obtained the warrant, did not sign the supporting affidavit. We will discuss each warrant in turn.
A. The Collier Warrant
 {¶ 9} This Court notes that Defendant's argument regarding the independent evaluation of the witnesses, including their backgrounds and veracity, is waived, as this argument was not raised before the trial court in the motion to suppress. ` "A fundamental rale of appellate review is that a reviewing court will not consider a claimed error that a party failed to bring to the trial court's attention at a time when it could have been corrected.'" O'Bryon v. Poff, 9th Dist. No. 02CA0061, 2003-Ohio-3405, at ¶ 14 quoting Bohlmann v. Cox (Nov. 1, 1995), 9th Dist. No. 17166. "If an issue was not raised at the appropriate time in the trial court, the party has waived the right to contest the issue on appeal." Id.
 {¶ 10} Here, Defendant did not ask any questions of Detective Foraker relative to the probable cause issue at the suppression hearing and only raised the issue superficially and without analysis in his motion to suppress, stating that "the affidavit does not contain any specific facts to support probable cause. Further, based on the facts as contained in the affidavit, no reasonably well-trained officer could have concluded that there were sufficient facts to warrant a finding of probable cause."
 {¶ 11} Even so, Detective Foraker testified that he sought the warrant based on information from the victim. Where the victim in a case is the source of information to the police, he is presumed to be reliable.State v. Yeagley (Aug. 28, 1996), 9th Dist. No. 96CA0022, at *2. We find there was sufficient probable cause to support the Collier Warrant.
B. The Kimbler Warrant.
 {¶ 12} Defendant asserts that there was insufficient probable cause to support the Kimbler warrant because the officer that signed the search warrant (Detective Foraker) did not sign the affidavit in support of the search warrant. As with most of his assignments of error, Defendant fails to cite any authority for his proposition. In his motion to suppress the Kimbler Affidavit, Defendant states only that "[t]he affidavit presented in support of the search warrant is fatally defective in that the affiant never signed the affidavit." Once again, Defendant cites no authority for this proposition.
 {¶ 13} An appellant has the burden on appeal. See App.R. 16(A)(7); Loc.R. 7(B)(7). "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." State v.Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at *3. See also, App.R. 16(A)(7); Loc.R. 7(B)(7). Pursuant to App.R. 16(A), an appellant's brief shall include the following:
 "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."
See, also, Loc.R. 7(B)(7). In addition to reflecting the requirements specified in App.R. 16(A)(7), Loc.R. 7(B)(7) provides that "[e]ach assignment of error shall be separately discussed and shall include the standard of review applicable to that assignment of error[.]"
 {¶ 14} "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rales governing practice in the appellate courts is a tactic which is ordinarily fatal."Kremer v. Cox (1996), 114 Ohio App.3d 41, 60, 682 N.E.2d 1006. Moreover, it is not the duty of this Court to develop an argument in support of an assignment of error if one exists. Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673, at *8. As we have previously held, we will not guess at undeveloped claims on appeal. See McPherson v. GoodyearTire Rubber Co., 9th Dist. No. 21499, 2003-Ohio-7190, at 4|31, citingElyria Joint Venture v. Boardwalk Fries, Inc. (Jan. 3, 2001), 9th Dist. No. 99CA007336.
 {¶ 15} Without authority, law and analysis in support of Defendant's proposition that the Kimbler Warrant is invalid because Detective Foraker did not sign the affidavit, we find that Defendant did not meet his burden on appeal vis-à-vis whether there was sufficient probable cause to support the Kimbler Warrant.
 {¶ 16} Even so, since Detective Foraker orally swore, under oath, to the veracity of the statements contained in the affidavit, Defendant received all of his constitutional guarantees and any error was not prejudicial. State v. Wilmoth (1986), 22 Ohio St.3d 251, 264,490 N.E.2d 1236. A procedural defect will not result in suppression where a neutral judge issues the search warrant after the receipt of a reliable and credible affidavit and sworn testimony in support thereof. See State v.Shaulis (Feb. 20, 2002), 9th Dist. No. 01CA0044, at *2. The trial court similarly found, referencing the good faith exception for search warrants.
 {¶ 17} Defendant's first and fourth assignments of error are overruled.
 Second Assignment of Error "The Trial Court improperly denied the motion to suppress the e-mail dated January 12, 2005 between 11:56 a.m. and 12:35 p.m. as well as to dismiss Counts 5 through 21 of the indictment."
 Third Assignment of Error "The Trial Court improperly denied the motion to suppress the oral statements given by Defendant in the captioned matter as the Defendant was not properly advised of his Miranda rights nor did he waive his Miranda rights."
 {¶ 18} Defendant asserts that the trial court improperly denied motions to suppress the following evidence obtained from his home during execution of the Collier Warrant: (1) computer CD; (2) notebook; (3) KY Jelly; (4) e-mails dated January 12, 2005 between 11:56 a.m. and 12:35 p.m.; (5) his oral statements; and (6) computer evidence. Defendant asserts that these items were obtained in excess of the scope of the search warrant and/or without proper Miranda warnings. We will address Defendant's second and third assignments of error collectively as they concern similar issues of law. We also note that we will simultaneously discuss evidence seized as set forth in Defendant's first assignment of error.
 {¶ 19} We begin by noting that items one through five were obtained by police officers pursuant to the Collier Warrant. Item six was viewed by police officers pursuant to the Kimbler Warrant. Items one through three are addressed by Defendant in his first assignment of error. Error is assigned vis-à-vis items four and five in Defendant's second and third assignments of error, respectively.
 {¶ 20} We have previously set forth in our discussion of Defendant's first and fourth assignment of error the appropriate standard of review. We will now discuss each piece of evidence that Defendant asserts the trial court erroneously failed to suppress.
A. Computer CD, KY Jelly and Notebook
 {¶ 21} Defendant asserts nothing in the search warrant "warranted police removing a notebook from [Defendant's] residence nor KY Jelly, nor the CD from [Defendant's] residence." In his motion to suppress, Defendant asserted that the warrant only allowed seizure of "[a]ny type of pornography depicting child pornography, videos, pictures and magazines" and the KY jelly and citations from the notebook were outside the scope of the warrant. The trial court denied Defendant's motions to suppress finding the motions not well taken.
 {¶ 22} The items to be located and seized pursuant to a search warrant must be identified with sufficient particularity. See State v.McGettrick (1988), 40 Ohio App.3d 25, 29, 531 N.E.2d 755. "The specificity required varies with the nature of the items to be seized."State v. Overholt, 9th Dist. No. 02CA0108-M, 2005-Ohio-3500, at ]fl3, citing McGettrick, at 29. "In determining whether a warrant is specific enough, the key inquiry is whether the warrant could reasonably have described the items more precisely." Overholt, at ]fl4, citing State v.Benner (1988), 40 Ohio St.3d 301, 307, 533 N.E.2d 701. It is important to note that the prohibition against general warrants will not prevent the issuance of a broad or generic listing of items to be seized if the circumstances do not allow for greater specificity and detail. State v.Dalpiaz, 151 Ohio App.3d 257, 2002-Ohio-7346, 127, citing United Statesv. Wicks (C.A.10, 1993), 995 F.2d 964, 973.
 {¶ 23} In the present case, the warrant authorized the seizure of computers, computer disk, computer related equipment (CD's, CD Rom, computer programs) any type of pornography depicting child pornography, videos, pictures, and magazines. The warrant also allowed seizure of any and all contraband found within the residence. The warrant was based upon an interview Detective Foraker had with a juvenile who stated that he had been sexually abused by Defendant and that the sexual abuse involved a computer at Defendant's residence.
 {¶ 24} Thus, the warrant limited the search to the particular circumstances of the case and the nature of the alleged stolen items. All the items identified were connected to the investigation of sexual abuse and/or contraband. R.C. 2901.01 states that "'[Contraband' means any property described in the following categories: "(a) Property that in and of itself is unlawful for a person to acquire or possess; (b) Property that is not in and of itself unlawful for a person to acquire or possess, but that has been determined by a court of this state, in accordance with law, to be contraband because of its use in an unlawful activity or manner, of its nature, or of the circumstances of the person who acquires or possesses it, including, but not limited to, goods and personal property described in division (D) of section 2913.34 of the Revised Code; * * * (h) Any personal property that has been, is being, or is intended to be used in an attempt or conspiracy to commit, or in the commission of, any offense or in the transportation of the fruits of any offense; [and] * * * (j) Any computer, computer system, computer network, computer software, or other telecommunications device that is used in a conspiracy to commit, an attempt to commit, or the commission of any offense, if the owner of the computer, computer system, computer network, computer software, or other telecommunications device is convicted of or pleads guilty to the offense in which it is used."
 {¶ 25} The computer CD, KY jelly and notebook containing a list of pornographic web cites were properly seized pursuant to the Collier Warrant.
B. Oral Statements
 {¶ 26} Defendant asserts that his admissions made to Detective Foraker during the execution of the Collier Warrant were improper as it was clear that Defendant did not understand the Miranda warnings.
 {¶ 27} On November 2, 2005, the trial court held a hearing on Defendant's motion to suppress statements he made to Detective Foraker on January 12, 2005, during the execution of the Collier Warrant. The statements include an admission that Defendant engaged in oral sex with the juvenile victim. Detective Foraker testified that he verbally mirandized Defendant when he first began speaking to him. He then decided to tape the interview and mirandized Defendant presenting him with a Miranda waiver form, which Defendant signed.
 {¶ 28} Defendant asserts that his response to the verbal Miranda warning and Detective Foraker's inquiry as to whether he would like to waive his rights demonstrates he did not understand his rights. When asked if he would like to waive his rights to an attorney, Defendant stated: "I think so."
 {¶ 29} The first inquiry we must make is whether or not Detective Foraker was required to advise Defendant of his Miranda rights before engaging him in conversation. Pursuant to Miranda v. Arizona (1966),384 U.S. 436, 471-72, 16 L.Ed.2d 694, once police begin a custodial interrogation, they must use procedures to warn the person in custody of his rights (i.e., "Miranda warnings"). The duty to provide Miranda warnings is only invoked when both custody and interrogation coincide.State v. Wiles (1991), 59 Ohio St.3d 71, 83, certiorari denied (1992),506 U.S. 832, 121 L.Ed.2d 59. "Custody" for purposes of entitlement to Miranda rights exists only where there is a ` "restraint on freedom of movement' of the degree associated with a formal arrest." California v.Beheler (1983), 463 U.S. 1121, 1125, 77 L.Ed.2d 1275, quoting Oregon v.Mathiason (1977), 429 U.S. 492, 495, 50 L.Ed.2d 714. "Interrogation" is defined as ` "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect.'" State v. Knuckles (1992), 65 Ohio St.3d 494, 496,605 N.E.2d 54, quoting Rhode Island v. Innis (1980), 446 U.S. 291, 301,64 L.Ed.2d 297.
 {¶ 30} "Whether a suspect is in custody depends on the facts and circumstances of each case." State v. Dunn, 9th Dist. No. 04CA008549,2005-Ohio-1270, at ¶ 24, citing State v. Warrell (1987),41 Ohio App.3d 286, 287, 534 N.E.2d 1237. The test is ` "whether, under the totality of the circumstances, a "reasonable person would have believed that he was not free to leave.'"" Dunn, at 124, quoting State v. Gumm (1995),73 Ohio St.3d 413, 429, 653 N.E.2d 253, certiorari denied (1996),516 U.S. 1177, 134 L.Ed.2d 221, quoting United States v. Mendenhall (1980),446 U.S. 544, 554, 64 L.Ed.2d 497.
 {¶ 31} In the present case, Defendant answered his door when the police arrived to execute the Collier Warrant. Detective Foraker gave Defendant a copy of the Collier Warrant and then moved to the living room to engage in conversation with Defendant. Defendant never told the detective he did not want to talk to him and he was never placed in custody. Instead, Defendant voluntarily gave his statement to the police and after the police were finished searching the home, they left leaving Defendant at home. We conclude that the circumstances of this case are such that Defendant was neither in custody nor under interrogation, and therefore Miranda warnings were not required.
 {¶ 32} That being said, Detective Foraker did give Defendant verbal Miranda warnings and Defendant signed a Miranda waiver. That Defendant indicated he thought he understood the verbal warnings is not sufficient to find Defendant's waiver of his Miranda rights to be improper. Defendant's response was affirmative in nature and was followed up by his signature on a written waiver form. We find the trial court's denial of Defendant's motion to suppress oral statements given to police on January 13, 2005 to be without any clear error and in accordance with Ohio law.
C. January 12, 2005 E-Mails.
 {¶ 33} Defendant next asserts that certain e-mails between himself and Detective Foraker (acting under cover), dated January 12, 2005, should be suppressed as being sent by the detective to Defendant without a Miranda warning first being given.
 {¶ 34} Defendant cites no authority for this proposition. As set forth above, Miranda warnings are only required to be given "when both custody and interrogation coincide." Wiles, at 83. Here, even if Detective Foraker's exchange with Defendant could be deemed an interrogation, and Defendant has supplied no authority that it could be, Defendant was clearly not in custody. He was in his own home on his personal computer.
 {¶ 35} We find the trial court's denial of Defendant's motion to suppress the January 12, 2005 emails to be without any clear error and in accordance with Ohio law.
 {¶ 36} Given our findings as set forth above, Defendant's second and third assignments of error are overruled.
 Fifth Assignment of Error "The Trial Court erred because it denied the motion to dismiss due to the Government's actions and position against proposed expert Dean Boland and their current position on his testimony in court."
 Sixth Assignment of Error "The Trial Court improperly denied the Defense's efforts to establish Dean Boland as an expert in the captioned matter because the charge warrants an expert to establish if or not the State can prove the necessary element of the child being actual children in pornography."
 {¶ 37} We will discuss Defendant's fifth and sixth assignments of error together as the same law and analysis apply. The errors assigned in Defendant's fifth and sixth assignments of error are entirely unclear and are supported by very little law and/or argument. While the fifth assignment of error purports to challenge the trial court's denial of Defendant's Motion to Dismiss, both it and Defendant's sixth assignment of error actually challenge the trial court's order rendering defense expert, Dean Boland, unqualified to offer expert testimony at trial on behalf of Defendant.
 {¶ 38} "Generally speaking, a no contest plea waives all nonjurisdictional defects to a felony conviction and leaves open for review only the sufficiency of the indictment." State v. Palm, 9th Dist. No. 22298, 2005-Ohio-1637, at ¶ 13, citing State v. Cianci (June 11, 1986), 9th Dist. No. 3947, at *4. See City of Columbus v. Sullivan
(1982), 4 Ohio App.3d 7, 9, 446 N.E.2d 485. Moreover, while Crim.R. 12(1) does allow for an appeal of improper pretrial rulings where judgment was entered on a no contest plea, such appeal may only relate to legal defenses as a no contest plea is an admission or a waiver of objection to all facts as contained in the indictment. State v.Moore, 9th Dist. No. 21182, 2003-Ohio-244, at 18.
 {¶ 39} To utilize the "savings provision of Rule 12(1), however, a trial court's ruling must be upon a matter that is a proper subject of a pretrial motion." State v. Banks (Sep. 7, 1994), 9th Dist. No. CA-2256-M, at *3; Columbus, at 9-10. Crim.R. 12(C) provides that, "[p]rior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue." Crim.R. 12(C).
 {¶ 40} Here, the trial court ruled, after conducting a voir dire of Mr. Boland, that he would not be permitted to testify at trial. Such finding "would have necessarily been based on a determination that the witness's anticipated testimony would be immaterial or irrelevant, or that its relevance would be outweighed by its prejudicial effect."Banks, at *3. "Such a determination cannot be properly made prior to trial." Id. "Rather, it must be made during trial, based upon the specific testimony proffered and the record as it exists at the time of the proffer." Id. "A pretrial admissibility ruling of the type defendant claims occurred in this case would be premature." Id "In order to preserve the issue of the admissibility of a witness's testimony for appeal, the proponent of that evidence would have to make an actual proffer of the testimony at trial." Id.; Columbus, at 9-10. Accordingly, the trial court's ruling as to the admissibility of Mr. Boland's testimony was not a proper subject for a pretrial motion within the meaning of Crim.R. 12(B) "and, therefore, was not saved for review on appeal by Rule 12[I] of the Ohio Rules of Criminal Procedure." Defendant's fifth and sixth assignments of error are overruled.
 Seventh Assignment of Error "The trial court improperly denied the motion to dismiss the indictments against [Defendant] regarding the alleged pornographic computer video streams concerning minor evidence against [Defendant] as he was unable to determine the actual video streams contained actual minors."
 {¶ 41} Defendant's seventh assignment of error is unclear. It purports to assert that the trial court improperly denied Defendant's motion to dismiss the indictments against him related to the pornographic video streams (counts five through 21) because Defendant was unable to determine if the actual video streams contained actual minors. Defendant then cites to Ashcroft in support of his right to possess digital images that appear to be minors engaged in sexual conduct where the images are not actual minors.
 {¶ 42} While a motion to dismiss is a pretrial motion that can be preserved for appeal even where a Defendant has pled no contest as set forth in Crim.R. 12(1), "a no-contest plea does not preserve for appeal a trial court's ruling on a pretrial motion that requests an advance ruling on the materiality and relevancy of evidence." State v.Lewis, 164 Ohio App.3d 318, 2005-Ohio-5921, at |8, citingColumbus, supra. Here Defendant seems to be asserting that, because he could not determine if the videos contained images of actual children, then the State similarly would not be able to determine if the images contained actual children and, therefore, would not be able to prove its case. The State, however, was prepared to offer the expert testimony of a computer forensic examiner. Defendant's seventh assignment of error is based on what Defendant believes to be an erroneous advance ruling on the materiality and relevancy of evidence. Accordingly, any error was waived when Defendant pled no contest. Defendant's seventh assignment of error is overruled.
 Eighth Assignment of Error "The trial court erred because it failed to stay the proceedings or grant the continuance of the defense or grant Defendant's request for a dismissal in the captioned matter because a case of similar kinds of images, was stayed in this court by the Prosecutors [sic] office because a decision had been issued out of a different jurisdiction that concerned child pornography questions involving children and establishing that children were actual children on videos which was appealed to the Ohio Supreme Court, and this Prosecutor's office in that case asked that the case be stayed pending resolution of that sister appellate district case's resolution in the Ohio Supreme Court."
 {¶ 43} Defendant asserts that the trial court erred by denying his motion to stay proceedings or for a continuance or to dismiss pending resolution of the appeal of a case captioned State v. Tooley, 11th Dist. No. 2004-P-0064, 2005-Ohio-6709, in which the Portage County trial court found two out of three child pornography statues were unconstitutional.
 {¶ 44} Defendant has provided no authority to support his assertion that the trial court should have dismissed this action based on an unrelated case pending in another appellate district or as to why the trial court was required to stay the instant action pending the resolution of an unrelated case pending in another appellate district. A mere assertion that the case should have been stayed because it involved "very similar issues" is not sufficient.
 {¶ 45} App. R. 16(A)(7) states: "The appellant shall include in its brief * * *
 "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."
Loc.R. 7(B)(7) requires that an appellant's brief include the following:
 "Argument and law. The argument shall contain the contentions of the appellant with respect to the assignments of error and the supporting reasons with citations to the authorities and statutes on which the appellant relies." (Emphasis added.)
 {¶ 46} This court has previously held that a defendant has the burden of affirmatively demonstrating the error of the trial court on appeal.State v. Cook, 9th Dist. No. 20675, 2002-Ohio-2646, at |27. "Moreover, `[i]f an argument exists that can support this assignment of error, it is not this court's duty to root it out.'" Id., quoting Cardone v.Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673, at 18. See, also,State v. Patton, 9th Dist. No. 02CA0113-M, 2003-Ohio-4030, at 115;State ex rel. Rothal v. Smith, 9th Dist. Nos. 20938 and 20950, 2002-Ohio-7328, at 190; State v. McAdory, 9th Dist. No. 21454,2004-Ohio-1234, at 132; State v. Baker, 9th Dist. No. 21414, 2003-Ohio-4637, at 115; State v. Stuck, 9th Dist. No. 02CA0071-M, 2003-Ohio-1596, at 18.
 {¶ 47} Defendant's eighth assignment of error is overruled.
 Ninth Assignment of Error "The Trial Court improperly sentenced Appellant to 14 years because that sentence violated the mandates of State v. Foster, as the sentence relies upon R.C. 2929.14(E)(4), the requisite factual findings for consecutive sentences have been deemed unconstitutional."
 {¶ 48} Defendant argues that his sentence, imposed pursuant to R.C.2929.14(B), is unconstitutional and void and that his case, therefore, must be remanded to the trial court for re-sentencing pursuant toState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Defendant asserts that the court made factual findings at the sentencing hearing in violation of Foster. At the sentencing hearing, defense counsel made the following objection:
 "You Honor, just for the record, I would like to enter an objection to the sentence. It is more than the mandatory minimum on the terms, and also the consecutive."
 {¶ 49} This Court has held that an appellant, who is sentenced afterBlakely v. Washington (2004), 542 U.S. 296, 159 L.Ed.2d 403, waives the constitutional challenge to his sentence if he does not preserve the argument at the trial court level. Specifically, we have stated that:
 "[T]he Ohio Supreme Court addressed Ohio sentencing guidelines in [State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856]. The Court also addressed the guidelines in State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855. This Court interpreted and applied Foster and Mathis in State v. Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309. In Dudukovich, we found that while pursuant to Foster portions of Ohio's sentencing guidelines were unconstitutional, Dudukovich did not properly preserve his constitutional challenge for appeal. Dudukovich at ¶ 21. We held that an appellant, if sentenced after Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, waives constitutional challenge to his sentence if he does not preserve the argument in the trial court. Id. at ¶¶ 22 and 24. This Court questioned `whether [the] Defendant raised a specific challenge to the constitutionality of Ohio's sentencing statutes in the trial court.' Id. at ¶ 24. We found that `[a]s Defendant failed to raise any objection below, let alone an objection specifically raising a constitutional challenge, he is precluded from raising such an argument for the first time on appeal. Id. ` " State v. Williams, 9th Dist. No. 05CA008804, 2006-Ohio-4310, at ¶ 34.
 {¶ 50} Based on our holding in Dudukovich, we find that Defendant failed to preserve his constitutional challenge for appeal. SeeState v. Duffield, 9th Dist. No. 22634, 2006-Ohio-1823, at ¶ 72-75
(holding that when appellant did not specifically object to the constitutionality of a statute after sentencing in trial court he waived that argument on appeal). The record shows that Defendant was sentenced on January 30, 2006, well after Blakely had been decided[1] and beforeFoster was decided.[2] Further, a review of the record indicates that at no time during the sentencing proceeding did Defendant object to the constitutionality of his sentence. See Williams at ¶ 35. Accordingly, because "one must object to preserve errors for review," we find that Defendant is precluded from arguing the sentencing statute's constitutionality on appeal. See Id. Accordingly, Defendant's ninth assignment of error lacks merit and we overrule it.
 {¶ 51} Each of Defendant's assignments of error is overruled and the judgment of the trial court is affirmed. Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to ran. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. Costs taxed to Appellant.
BOYLE, J. CONCURS
CARR, J. CONCURS IN JUDGMENT ONLY
[1] Blakely was decided on June 24, 2004.
[2] Foster was decided on February 27, 2006.