OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Steve Pyo appeals his conviction and sentence in the Delaware County Court of Common Pleas on two counts of nonsupport of dependants. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} Appellant and MiSuk Lee were married on March 24, 1984, and two children were born of the marriage. By decree of dissolution, MiSuk Lee was granted custody of the children and appellant was ordered to pay $671.67 per month as and for child support.
{¶ 3} On November 13, 1997, appellant notified the child support agency he was having financial difficulties, and he stopped paying support after August 25, 1997.
{¶ 4} On February 7, 2003, appellant was indicted on two counts of nonsupport of dependents in violation of Revised Code Section2919.21(A)(2) and (B).
{¶ 5} On May 7, 2003, MiSuk Lee appeared in court and testified she desired to waive all support arrearages. Also, in letters dated October 1, 1996 and August 6, 1999, Lee request court proceedings not be brought against appellant for collection of child support. She testified in court she was aware of the arrearage amount owed, and no threats or promises were made to her in order to obtain her waiver.
{¶ 6} At the May 7, 2003 bond hearing, appellant orally moved the trial court to dismiss the charges against him. On August 28, 2003, via a decision and entry, the trial court overruled the motion.
{¶ 7} On August 29, 2003, the State moved the trial court to exclude testimony of Lee concerning her wish to waive the payment of the support arrearage. On September 3, 2003, the trial court sustained the motion in limine.
{¶ 8} Thereafter, on September 3, 2003, appellant withdrew his previous plea of not guilty, and entered a plea of no contest to both counts. The trial court accepted the pleas, and on December 30, 2003, sentenced appellant.
{¶ 9} It is from his conviction and sentence appellant now appeals raising the following as assignments of error:
{¶ 10} "I. The trial court erred in finding the appellant guilty upon the entry of a no contest plea when the stipulated facts do not constitute the offense charged.
{¶ 11} "II. The trial court erred by not granting the appellant's motion to dismiss charges of nonsupport where the custodial parent did not want the support.
{¶ 12} "III. The trial court erred by granting the appellee's motion in limine to preclude testimony by the custodial parent that she waived the support that formed the basis of the charges against appellant."
 I, II
{¶ 13} Appellant's first and second assignments of error raise common and interrelated issues; therefore, we will address the assignments together.
{¶ 14} Appellant maintains the trial court erred in finding appellant guilty and not granting his motion to dismiss where the custodial parent waived the arrearage amount owed pursuant to the child support order.
{¶ 15} R.C. 2919.21 enumerates defenses to the charge of nonsupport of dependents. Waiver is not included in those defenses. Therefore, we find waiver is not an affirmative defense to the charge of nonsupport of a dependent. Accordingly, evidence of waiver is not relevant to the State's criminal prosecution for nonsupport of dependents, as the interest the State seeks to vindicate is not solely the custodial parent's right to receive child support payments. Rather, the prosecution also protects the public policy interest of parents fulfilling their obligation to provide support for their children. The custodial parent is not a party to the action to enforce payment, and the state has an independent interest in seeking vindication for the nonpayment of child support.
{¶ 16} We note the circumstances presented differ little from a domestic violence prosecution in which the victimized household member requests criminal charges be dropped. When other facts support the prosecution, the State has a responsibility to decide whether to continue to prosecute a case for the protection of the individual and society.
{¶ 17} Accordingly, the first and second assignments of error are overruled.
 III
{¶ 18} In his third assignment of error, appellant maintains, even if the waiver did not rise to the level to compel dismissal or acquittal, it is certainly germane to the charges and appropriate as evidence, and the trial court should not have granted the State's motion in limine precluding the evidence.
{¶ 19} "In general, the ruling on a motion in limine does not preserve the record on appeal and an appellate court need not review the ruling unless the claimed error is preserved by an objection at trial. State v. Grubb (1986), 28 Ohio St.3d 199, paragraph two of the syllabus, citing State v. Leslie (1984),14 Ohio App.3d 343, 344; State v. Brown (1988),38 Ohio St.3d 305, paragraph three of the syllabus; State v. Maurer (1984),15 Ohio St.3d 239, 259. Further, a no contest plea generally waives any claim of error with respect to an adverse ruling on a motion in limine. See State v. Ruegsegger (1989),64 Ohio App.3d 626, 629; Columbus v. Sullivan (1982), 4 Ohio App.3d 7,9; State v. Steiner (July 19, 1983), Stark App. No. CA-6145, unreported." State v. Crowley (Aug. 27, 1998), Perry County App. No. 97 CA 69.
{¶ 20} As stated above, appellant entered a plea of no contest to two counts of nonsupport of dependents. As the trial court's granting the motion in limine was an interlocutory order, appellant's plea of no contest did not preserve the error for appeal.
{¶ 21} Accordingly, the third assignment of error is overruled.
{¶ 22} Appellant's conviction and sentence in the Delaware County Court of Common Pleas is affirmed.
Hoffman, J., Gwin, P.J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.