OPINION *Page 2 
{¶ 1} Defendant-appellant Levander McClellan appeals his August 22, 2007 conviction in the Licking County Court of Common Pleas, Juvenile Division, on one count of criminal non-support of a minor child, in violation of R.C. 2919.21(B). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 13, 1997, the Licking County Court of Common Pleas, Domestic Relations Division, ordered Appellant pay support for Merrial McClellan in the amount of $250.39. Appellant failed to make the ordered payments.
 {¶ 3} Appellant was charged with one count of criminal non-support of a minor child, in violation of R.C. 2919.21(B). The matter came on for trial on August 22, 2007, and Appellant was convicted and sentenced to 180 days, less 22 days credit for time served. Appellant was later released to probation.
 {¶ 4} Appellant now appeals, assigning as error:
 {¶ 5} "I. APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE [SIC]. (REFLECTED IN TRIAL TRANSCRIPT, AND EXHIBITS 1, 2, 4).
 {¶ 6} "II. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL (REFLECTED IN TRIAL TRANSCRIPT)."
 {¶ 7} In the first assignment of error, Appellant argues his conviction for criminal non-support of a minor child is against the manifest weight of the evidence.
 {¶ 8} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of *Page 3 
witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 9} Appellant was convicted of criminal non-support in violation of R.C. 2919.21(B):
 {¶ 10} "(B) No person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support."
 {¶ 11} Appellant maintains his conviction is against the manifest weight of the evidence, because he had no knowledge of any child support order. Apellant asserts he paid support directly to the obligee when necessary.
 {¶ 12} At the trial in this matter, the State offered the testimony of Leslee Dunwoody, case manager for the Licking County Child Support Enforcement Agency. Dunwoody testified the child support order was entered on June 10, 1997, in the Licking County Court of Common Pleas, Domestic Relations Division, and Appellant was in arrears due to non-payment.
 {¶ 13} At trial, Appellant testified he was in jail due to driving under a suspended license, which had been suspended by Licking County for non-payment of his child support obligation. Appellant further testified during the period of February 2005, to *Page 4 
February 2007, he was terminated or laid off from his employment because of child support attachment to his pay:
 {¶ 14} "Q. Do you know whether during the period of February of 2005 until February of 2007, whether you had a job?
 {¶ 15} "A. Yeah, I was probably working at Sterlite, I know, for about a month, not even a month, and I was working there and they laid me off and I — I mean, they — usually they off people because of child support be going in their checks so much, and I assume that's what happened. They found out I had a job and I was terminated or laid off because of that."
 {¶ 16} Tr. at 24.
 {¶ 17} Based upon the above, we find there was competent, credible evidence for the trier of fact to find Appellant knew of his child support obligation and failed to provide the support ordered, in violation of R.C. 2919.21(B).
 {¶ 18} The first assignment of error is overruled.
 II. {¶ 19} In the second assignment of error, Appellant argues he was denied the effective assistance of trial counsel due to counsel's failure to object to alleged hearsay testimony.
 {¶ 20} Our standard of review is set forth in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's *Page 5 
performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. Id. at 141-142. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie,81 Ohio St.3d 673, 675, 1998-Ohio-343, 693 N.E.2d 267.
 {¶ 21} Specifically, Appellant objects to the following testimony of Leslee Dunwoody:
 {¶ 22} "Q. And did — were there any records that you reviewed that indicated whether or not the custodial parent, mother in this situation, Miss Matlock, was going to waive any arrearages?
 {¶ 23} "A. No. I received a phone call the other day, or a message from a phone call, that she did not wish to waive arrears.
 {¶ 24} "Q. That was through what's called a SETS comment, am I correct?
 {¶ 25} "A. Yes, sir, which is our system."
 {¶ 26} Tr. at 14-15.[1] *Page 6 
 {¶ 27} While the testimony of Ms. Dunwoody constitutes impermissible hearsay, Appellant has not demonstrated prejudice from its admission. Waiver is not a defense to nonsupport of dependents. State v. Pyo,2004-Ohio-4768. The State has an independent interest in seeking vindication for the nonpayment of child support Id. Whether the child support obligee is willing to waive payment is irrelevant to the child support obligor's duty to pay pursuant to the court order. Until relieved of such obligation by the issuing court, Appellant was required to make the necessary payments. Furthermore, Appellant has not demonstrated prejudice as a result of counsel's failure to object to the testimony as there is no affirmative evidence in this record Miss Mattock did in fact waive payment. Accordingly, Appellant has not met the second prong of Strickland supra, and the assignment of error is overruled.
 {¶ 28} Appellant's conviction in the Licking County Court of Common Pleas, Juvenile Division, is affirmed.
 Hoffman, P.J., Gwin, J. and Edwards, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, Appellant's conviction in the Licking County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to Appellant.
[1] Appellant's claim his counsel was ineffective to point out Ms. Dunwoody failed to answer when asked whether she reviewed all records relevant to this case is not established in the record. Ms. Dunwoody's response was "inaudible". That is not the same as failing to answer. We note Appellant did not request an App. R. 9(C) statement regarding this inaudible portion of Ms. Dunwoody's testimony. *Page 1