[Cite as *State v. Dudley*, 2021-Ohio-478.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 2020 CA 00016 |
| SARAH E. DUDLEY | |
| Defendant-Appellant | O P I N IO N |

CHARACTER OF PROCEEDINGS:      Appeal from the Fairfield County
Municipal Court, Case No. TRC1905980A

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      February 19, 2021

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

RANDALL T. ULLOM                   SAMUEL H. SHAMANSKY
City of Lancaster Law Director &      DONALD L. REGENSBURGER
Prosecutor's Office                       COLIN E. PETERS
                                         ASHTON C. GAITANOS
DAVID R. KLEMP                       523 South Third Street
Assistant City Prosecutor             Columbus, Ohio 43215
136 West Main Street
P.O. Box 1008
Lancaster, Ohio 43130

*Hoffman, J.*

**{¶1}** Defendant-appellant Sarah E. Dudley appeals the judgment entered by the Fairfield County Municipal Court convicting her of operating a motor vehicle with a prohibited breath alcohol content (R.C. 4511.19(A)(1)(d)) following her plea of no contest, and sentencing her to 170 days in jail with 167 suspended and three days credited for completion of a driver's intervention program. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

**{¶2}** On June 22, 2019, Appellant was stopped by Trooper Adam Dickerson of the Ohio State Highway Patrol. She was cited with driving left of center (R.C. 4511.25), driving with a prohibited breath alcohol content (R.C. 4511.19(A)(1)(d)), and driving while impaired (R.C. 4511.19(A)(1)(a)).

**{¶3}** Appellant filed a motion to suppress the chemical breath test, which was overruled by the trial court on November 8, 2019. After several continuances and a settlement conference, the case was set for jury trial on March 3, 2020.

**{¶4}** On the morning of jury trial, Appellant filed a motion to continue the trial in order to secure an expert witness to testify. Appellant had not previously disclosed the expert witness to the State in accordance with Crim. R. 16(K). The trial court overruled the motion.

**{¶5}** Also on the morning of trial, the State filed a motion in limine to preclude testimony from Appellant's expert, to prevent Appellant from introducing a video of the traffic stop and field sobriety testing, and to preclude attacks on the general reliability of the breathalyzer machine used in this case and the margin of error or variance on the

---

[1] A rendition of the facts is unnecessary for our resolution of the issues raised on appeal.

machine.   The trial court ruled on the motion in limine after a hearing, excluding Appellant's expert witness's testimony pursuant to Crim. R. 12(K) and excluding attacks on the reliability of the breathalyzer.

{¶6}   The State dismissed the charge of driving while intoxicated pursuant to R.C. 4511.19(A)(1)(a) on the morning of trial, intending to proceed only on the charge of driving with a prohibited breath alcohol content.  Following the trial court's rulings on the State's motion in limine and Appellant's motion to continue, Appellant entered a plea of no contest to the charge of driving with a prohibited breath alcohol content.  The left of center charge was dismissed.  She was convicted of driving with a prohibited breath alcohol content and sentenced to 170 days in jail with 167 suspended and three days credited for completion of a driver's intervention program, fined $375.00, and placed on community control for two years.

{¶7}   It is from the March 3, 2020 judgment of the Fairfield County Municipal Court Appellant prosecutes her appeal, assigning as error:


I. THE TRIAL COURT DEPRIVED APPELLANT HER RIGHTS TO DUE PROCESS OF LAW, CONFRONTATION, AND TO PRESENT A COMPLETE DEFENSE BY PROHIBITING ANY CROSS-EXAMINATION OR ARGUMENT REGARDING THE SPECIFIC BREATH TEST MACHINE OR RESULT IN THIS CASE.

II. THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANT'S RIGHT TO DUE PROCESS OR TO PRESENT A COMPLETE DEFENSE BY REFUSING TO GRANT HER A REASONABLE

CONTINUANCE TO SECURE HER EXPERT'S REPORT AND TESTIMONY, WHICH WAS NECESSITATED BY THE STATE'S GAMESMANSHIP.

III. THE TRIAL COURT'S RULING PREVENTING APPELLANT FROM CALLING HER EXPERT WITNESS DENIED HER THE OPPORTUNITY TO PRESENT THE VIDEO OF HER TRAFFIC STOP AT TRIAL, VIOLATING HER RIGHT TO DUE PROCESS AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

I., III.

**{¶8}** In her first and third assignments of error, Appellant argues the trial court erred in its rulings on the State's motion in limine preventing her from attacking the reliability of the breathalyzer at trial and preventing her from calling her expert witness.[2]

**{¶9}** A ruling on a motion in limine does not preserve the error for appeal, and an appellate court need not review the ruling unless the claimed error is preserved by an objection at trial. *State v. Grubb*, 28 Ohio St.3d 199, 503 N.E.2d 142, paragraph two of the syllabus (1986). Further, a no contest plea generally waives any claim of error with respect to an adverse ruling on a motion in limine. *See, e.g., State v. Pyo*, 5th Dist. Delaware No. 04CAA01009, 2004-Ohio-4768, ¶ 19.

---

[2] While Appellant argues the trial court erred in preventing her from presenting the video of her traffic stop and field sobriety tests, the trial court's entry does not address this branch of the State's motion in limine.

**{¶10}** Appellant argues the ruling on the State's motion in limine is not waived by her plea of no contest in the instant case, relying on *State v. French*, 72 Ohio St.3d 446, 1995-Ohio-32, 650 N.E.2d 887. In *French,* the Ohio Supreme Court discussed the function of a motion in limine as opposed to a motion to suppress evidence:

A "motion *in limine* " is defined as "[a] pretrial motion requesting [the] court to prohibit opposing counsel from referring to or offering evidence on matters so highly prejudicial to [the] moving party that curative instructions cannot prevent [a] predispositional effect on [the] jury." Black's Law Dictionary, supra, at 1013. The purpose of a motion *in limine* "is to avoid injection into [the] trial of matters which are irrelevant, inadmissible and prejudicial[,] and granting of [the] motion is not a ruling on evidence and, where properly drawn, granting of [the] motion cannot be error." *Id.* at 1013–1014. See *State v. Maurer* (1984), 15 Ohio St.3d 239, 259, 15 OBR 379, 396, 473 N.E.2d 768, 787.

A ruling on a motion *in limine* reflects the court's anticipated treatment of an evidentiary issue at trial and, as such, is a tentative, interlocutory, precautionary ruling. Thus, "the trial court is at liberty to change its ruling on the disputed evidence in its actual context at trial. Finality does not attach when the motion is granted." *Defiance  v. Kretz* (1991), 60 Ohio St.3d 1, 4, 573 N.E.2d 32, 35, citing *State v. Grubb* (1986), 28 Ohio St.3d 199, 201–202, 28 OBR 285, 288, 503 N.E.2d 142, 145.

Confusion and inaccuracy may arise, however, because a motion *in limine* may be used in two ways. It may be used as a preliminary means of raising objections to evidentiary issues to prevent prejudicial questions and statements until the admissibility of the questionable evidence can be determined outside the presence of the jury. It may also be used as the functional equivalent of a motion to suppress evidence that is either not competent or improper due to some unusual circumstance not rising to the level of a constitutional violation. Palmer, Ohio Rules of Evidence, Rules Manual (1984) 446, cited in *State v. Maurer*, *supra*, 15 Ohio St.3d at 259, 15 OBR at 396–397, 473 N.E.2d at 787, fn. 14.

**{¶11}** *Id.* at 449-450, 650 N.E.2d at 890-91.

**{¶12}** In the instant case, the State's motion in limine was not the functional equivalent of a motion to suppress. Appellant previously filed a motion to suppress the results of the breathalyzer test, and has not assigned error to the trial court's judgment overruling her motion. We find the State's motion in limine falls squarely within the definition of a motion in limine as set forth by the *French* court, and therefore Appellant has waived any error in the trial court's ruling by her plea of no contest.

**{¶13}** The first and third assignments of error are overruled.

II.

**{¶14}** In her second assignment of error, Appellant argues the trial court erred in denying her motion to continue, filed on the morning of trial.

**{¶15}** The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge, and an appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion. *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078, 1080 (1981). An abuse of discretion is more than a mere error in judgment; it is a "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993).

**{¶16}** In evaluating a motion for a continuance, a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case. *Unger*, *supra*, at 67–68, 423 N.E.2d at 1080.

**{¶17}** Appellant argues a continuance was necessary to secure an expert to testify as to the charge of driving with a prohibited breath alcohol content because of the State's "gamesmanship" in dismissing the charge of driving while impaired at the last minute. However, the charge of driving with a prohibited breath alcohol content was always a part of this case, and thus Appellant was always required to defend the charge. Nothing in the circumstances of the driving with a prohibited breath alcohol content charge under R.C. 4511.19(A)(1)(d) was changed by the State's dismissal of the R.C. 4511.19(A)(1)(a) charge. Appellant contributed to the circumstance which gave rise to the need for the continuance by failing to timely secure an expert to defend a charge which was a part of

the case from the beginning.  We find the trial court did not abuse its discretion in denying

Appellant's motion to continue.

      **{¶18}**  The second assignment of error is overruled.

      **{¶19}**  The judgment of the Fairfield County Municipal Court is affirmed.


By: Hoffman, J.

Gwin, P.J.  and

Delaney, J. concur